## David Carver v. Thomas W. Palmer and another.

*Landlord and tenant; Occupancy by arrangement with tenant.* One who merely makes an arrangement to, and does occupy jointly with another who has been left in possession of premises originally taken by virtue of a lease to him and another, does not thereby, in the absence of any dealing with the original lessor, become tenant to such lessor.

*Agreement for joint occupancy: Contract construed: Rent: Use and occupation: Assignment.* S, in possession of a store by virtue of a lease to himself and another, made an agreement with C, to permit C to occupy the store-jointly with S, in consideration of C's furnishing and keeping up a stock of goods to belong exclusively to C, which both were to manufacture and sell, and paying to S as compensation for his services half the net profits:—

*Held,* That this agreement did not obligate C to pay rent except inferentially as a part of a joint occupancy and as expenses of business; that the remedy for a breach on C's part was an action for damages, and not one for use and occupation; that it made no promise to pay rent to S; and that S could not assign any claim under it for rent or for use and occupation, or for any thing not distinct and severable.

*Submitted on briefs January 19.  Decided January 21.*

Error to Wayne Circuit.

*Ward & Palmer*, for plaintiff in error.

*F. H. Canfield*, for defendants in error.

CAMPBELL, J:

This action was originally brought in a justice's court, and appealed to the Wayne circuit. The declaration claimed a recovery for use and occupation of a store for the months of October, November and December, 1874. The declaration was oral, and claimed in one count that the premises belonged to plaintiffs below, and in the other, that the rent was due from defendant below to William S. Shaw, and assigned by Shaw to plaintiffs.

The claim which Shaw assigned to plaintiffs was, "all claim and demand which I may have against David Carver, for or on account of the rent of the premises within mentioned, and all claim and demand which I may have against said Carver,

for or on account of his occupancy of said premises under the written agreement." That written agreement was dated August 1, 1873, between Carver and Shaw, and was in substance as follows: *First,* Shaw agreed to permit Carver "to occupy jointly with him" the store in question, and to put into it a sufficient stock of clothing and tailor's goods, etc., for the proper carrying on of said business, the occupancy to last two years and nine months, and the stock, etc., to belong exclusively to Carver; *second,* Shaw was to assist Carver in sales and manufacture of the stock into garments; *third,* Carver agrees to keep up a stock of $3,000; *fourth,* Carver agrees to pay Shaw as compensation for his services half the net profits; *fifth,* the agreement was subject to termination by mutual consent, on three months' notice.

The same business had been carried on, under substantially similar agreements (except as to amount of compensation), since April, 1872.

The premises had been leased by the grantor of plaintiffs to Shaw and Burghardt, from May, 1871, for five years, by lease not assignable without consent in writing, and never assigned.    Burghardt left Shaw in possession in 1871.

Shaw took receipts for rent in Burghardt & Shaw's name, and Carver paid rent up to November, 1874, and took receipts in the same way.    He refused to pay for the months of November and December, and left in January, 1875.

Without referring to any other facts, this testimony is all that tended to show any liability in Carver to pay rent to any one.

There is no evidence tending to show that Carver was treated by plaintiffs below, or ever dealt with them except under the Burghardt & Shaw lease.    Under that he did not become their tenant.  The only obligation he was under to Shaw was by reason of the written agreement.    If that bound him to pay rent it was only inferentially as a part of a joint occupancy and as expenses of business.    If he failed to pay, it subjected him to a suit for breach of contract, but there was no promise to pay rent to Shaw, nor

to pay it at all, if Shaw was in arrears to Carver to that amount. The remedy for such a breach of contract was an action for damages, and not one for use and occupation. Shaw could not assign any claim for use and occupation, and could not assign under this contract any thing which was not distinct and severable. He has made no assignment of any such claim.

There was no evidence to support a recovery, and the jury should have been so instructed. The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.