HENRY DOTY v. JASON GILLETT AND ROBERT EALES.

*Rent—Action against strangers to lease.*

Recovery for the use and occupation of leased premises cannot be had against others than the lessees during the term of the lease if it has not been assigned or the lessees discharged from liability, or if they have not surrendered their interest or known or assented to any new lease that may have been made to the others.

Abandonment or surrender of interests in real estate cannot be inferred from non-user alone.

A witness may be contradicted by showing that he gave materially different testimony on a former trial or did not testify at all to matters to which he did testify at the later one. But the witness may explain the variance and omissions.

Where an action for use and occupation was brought against one of the original lessees and a stranger to the lease, and supported by evidence that the defendants acted as co-partners, the latter may show their actual relation, and the contract between them may be put in evidence. They may also show that the stranger had agreed to pay what would have been his proportion of the rent under the lease to his co-defendant.

Judgment will not be reversed for the omission to charge on a question fairly within the issue but not raised on the trial.

| | |
|---|---|
| 43 | 203 |
| 93 | 652 |
| 43 | 203 |
| 104 | 113 |
| 43 | 203 |
| s 5NW | 89 |
| 133 | 1452 |
| 43 | ⁻203 |
| 139 | 1462 |

Error to Alpena. Submitted January 9 and 13. Decided April 8.

ASSUMPSIT. Plaintiff brings error.

*Kelley & Clayberg* for plaintiff in error. An occupant of land already leased, but who has entered under an independent agreement, or by permission, without reference to the old lease, or objection by the first lessee, cannot set up the former lease in defense to an action for use and occupation (*Phipps v. Sculthorpe* 1 B. & Ald. 50; *Prevot v. Lawrence* 51 N. Y. 222; *Scott v. Hawsman* 2 McL. 180) so, if the second lease recites the existence of the first, *Duke v. Ashby* 7 H. & N. 600; *Cuthbertson v. Irving* 4 id. 742: 6 id. 135; *Holt v. Martin* 51 Penn. St. 499; *Jolly v. Arbuthnot* 4 DeG. & J. 224; *Dancer v.*

*Hastings* 12 Moore 34; *Morton v. Woods* L. R. 4 Q. B. 293; *Cornish v. Searell* 8 B. & C. 471; *Ryerson v. Eldred* 18 Mich. 12; a lessee may surrender his interest by abandonment if the lessor acquiesces or takes possession of the premises or lets them to or receives rent from another person, *Baker v. Pratt* 15 Ill. 568; *Talbot v. Whipple* 14 Allen 180; *Amory v. Kannoffsky* 117 Mass. 351; *McKinney v. Reader* 7 Watts 123; *Thomas v. Cook* 2 B. & Ald. 119; *Walker v. Richardson* 2 M. & W. 882; *Nickels v. Atherstone* 10 Q. B. 944; *Davison v. Gent* 1 H. & N. 744; *Phene v. Popplewell* 12 C. B. (N. S.) 334; *Grimman v. Legge* 8 B. & C. 324; *Hill v. Robinson* 23 Mich. 24; *Logan v. Anderson* 2 Doug. (Mich.) 101; *Beall v. White* 94 U. S. 382; *Nelson v. Thompson* 23 Minn. 508; *Witman v. Watry* 31 Wis. 638; *Donkersley v. Levy* 38 Mich. 54; 1 Washb. R. P. 552; a new agreement with the lessor, or permission to occupy may be implied from acts of the parties (*White v. Walker* 31 Ill. 422; *Fry v. Patridge* 73 Ill. 51) independently of their intention, *Lyon v. Reed* 13 M. & W. 306.

*Turnbull & McDonald* for defendants in error. A lessor cannot recover for use and occupation when there is an outstanding lease to other parties, unless it has been surrendered or assigned, *Bedford v. Terhune* 30 N. Y. 453; the owner of premises cannot recover rent from one who has entered under an express promise to pay rent to another, *Shumake v. Nelm* 25 Ala. 26; *Carver v. Palmer* 33 Mich. 342; *Austin v. Thomson* 45 N. H. 113; evidence of what a witness has sworn to in a previous trial is admissible for impeachment, *Fisher v. Kyle* 27 Mich. 455; a surrender of a lease must be in writing or the tenant must actually surrender and the lessor accept possession, 1 Washb. R. P. § 353; Taylor's L. & T. § 515; *Brewer v. Dyer* 7 Cush. 337; *Bailey v. Wells* 8 Wis. 141; if instructions are desired on a special point, they must be asked, *Platt v. Brand* 26 Mich. 174; a point cannot be first raised on appeal, *Emerson v. Booth* 51 Barb. 40.

MARSTON, C. J. This action was brought to recover for the use and occupation of a shingle mill, and evidence was introduced on the part of the plaintiff tending to prove that defendants were copartners in the business of manufacturing shingles in that mill, and that they occupied the same during the year 1874 and a part of 1875 under an express agreement made with the agent of the plaintiff, and under which they were to pay rent at the rate of $750 per year.

The defendants did not deny such copartnership or occupancy of the mill, but denied holding it under any such agreement.

They introduced evidence, which was not disputed, that June 16th, 1873, the plaintiff by his agent, by an instrument in writing, leased the premises for the sawing season of 1873 and 1874 to Robert Eales, one of the above defendants, and F. D. Spratt, for a yearly rental of $750. The defendants also introduced evidence tending to show that Eales and Spratt entered into possession of the premises under this lease; that a new arrangement was entered into between Eales and Spratt under which the former operated the mill during the season of 1873; that in the fall of that year Eales offered to surrender up possession of the mill to plaintiff's agent, which was not accepted; that in 1874 Eales and defendant Gillett entered into an agreement under which they were to operate the mill as copartners, and under which Gillett was to pay or be responsible to Eales for one-half the rent as fixed by the Eales-Spratt lease. There was no evidence that such agreement was fully brought to the notice of plaintiff or his agent, or that he, or any person representing him, had at any time released Spratt, or that the latter had assigned his rights under the lease of June 16th. Upon this branch of the case the court charged the jury as to the right of Eales and Spratt under their lease, and that if the same remained in full force, and had not been assigned by Spratt, or his interest and right thereunder terminated by operation of law, the defendants would not be liable in this action.

The court also charged the jury in substance that to constitute a surrender by Spratt there must be some act of the parties—some positive, some affirmative act; that mere non-occupancy by remaining from day to day merely passive and doing nothing under the actual occupancy of a building, would not amount to a surrender of a lease; that if the plaintiff executed a new lease to Spratt and Eales or to their assignees they could find a surrender by operation of law, but if they found a new lease to one of them only, and that the other had not altered or interfered with the estate in any way, or his title to it,—in other words, if the jury should find that "Spratt's interest has alone remained the same all the way through—that there was no positive act on his part throwing it up or giving it away—then in that case this plaintiff cannot recover."

There can be no question but that if the lease to Spratt and Eales remained in force and had not been assigned, the plaintiff could not recover from these defendants for use and occupation of the premises during such period. *Carver v. Palmer* 33 Mich. 342; *Donkersley v. Levy* 38 Mich. 59.

While we may assume that there was competent testimony tending to show an oral lease of these premises by the plaintiff to the defendants, and an occupancy thereunder, yet there was no evidence whatever that Spratt had ever formally withdrawn or surrendered up his interest under the written lease, or had at any time been discharged from his liability to the plaintiff thereunder, or that the new lease to these defendants was with his knowledge or assent.

The facts, therefore, do not bring this case within *Logan v. Anderson* 2 Doug. (Mich.) 102 and *Donkersley v. Levy* supra. Nor was there any evidence from which the jury would have been at liberty to have found a surrender by Spratt of his interest under the lease. Rights and interests in real estate cannot, by inference from non-user alone, safely be considered as having been

abandoned or surrendered. The fact that Eales, under an agreement with Spratt, occupied the premises and conducted the business, either alone or with a partner, would not be at all inconsistent with the fact that Spratt still retained his interest in the lease, and that he was still liable thereunder to pay rent. Even a recognition of the parties in possession by the landlord would not cut off Spratt's rights under the lease, unless he assented to the new arrangement, and in this case no such assent, either express or to be implied from the facts, was shown. 1 Washburn on Real Pr. 477-8-9.

Error is also alleged in that the court permitted evidence given by one of plaintiff's witnesses on a former trial of this cause, to be shown for the purpose of contradicting the testimony given by the witness on the present trial. We had supposed that there could be no question as to the admissibility and competency of such testimony for such purpose where the proper foundation was laid therefor, as was done in this case. It is proper to show that the evidence given by the witness on the previous trial was materially different, or that he did not then testify at all concerning matters of which he has testified on the subsequent trial. All these contradictions and omissions are open to explanation by the witness, but the opposite party has a right to inquire into the same.

The agreement between the defendants was properly received in evidence. The plaintiff had introduced evidence tending to prove that the defendants occupied the mill and carried on business as copartners. They had a right, therefore, to show the relation existing between them. We think it was competent for another purpose also to show that defendant Gillett had agreed to pay his proportion of the rent to his copartner Eales, under the Eales and Spratt lease, as a recognition of such lease by Gillett, and in support of his theory and denial of any agreement to lease from or pay rent to the plaintiff.

It is also claimed that admitting the Eales and Spratt

lease to have remained in full force, yet as that lease expired in 1874 the plaintiff was entitled to recover for the time occupied by defendants in 1875. Conceding this position to be correct, yet the attention of the court was not called thereto, and no request was made to charge upon that theory. The plaintiff claimed to recover for the entire time which the defendants used and occupied the premises. The whole case turned upon the continuing validity of the Eales and Spratt lease, and the short period during which the premises were occupied after the expiration of that lease was apparently lost sight of except as included in the whole claim made.

We cannot reverse because of an omission to charge upon a question which might have been raised, but was not, on the trial, even although the same was fairly covered by or included in the issue.

The judgment must be affirmed with costs.

The other Justices concurred.