MAXWELL M. FISHER v. ISAAC PFORZHEIMER ET AL.

*Landlord and tenant—Use and occupation.*

Mortgagees who, by an arrangement with the mortgagor, place an agent in the store in which the mortgaged goods are kept, with authority to receive the cash realized from daily sales and apply it on the mortgage debt, less a stated sum which the mortgagor is permitted to draw out for specified purposes, and who keep up the stock, all under the expectation that the receipts from sales will more than satisfy the mortgage debt, which is not realized, the remainder of the goods being taken by the mortgagees and their value credited on the indebtedness, leaving a balance still unpaid,—are not liable to the mortgagor's lessor for the rent of the store during the time they so occupy it, in the absence of their express agreement to pay such rent.

Error to Wayne. (Brevoort, J.) Argued November 18, 1892. Decided December 2, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for appellant, contended:

1. Plaintiff had the right to recover upon an implied contract for rent, in case the jury found that defendants were in possession and had the benefit of the use of the premises, as an implied tenancy exists where there is ownership of land on the one side, and permissive occupation on the other, where no distinct agreement has been entered into; citing Taylor, Land. & Ten. § 19, and cases cited.

2. Any person entering into leased premises by the consent or connivance of the tenant becomes a tenant at the option of the landlord; citing Taylor, Land. & Ten. § 19 (note 2); *Thompson v. Sanborn,* 52 Mich. 141; *Benson v. Bolles,* 8 Wend. 175; *Jackson v. Miller,* 6 Id. 228; *Graves v. Porter,* 11 Barb. 592; *Howard v. Ellis,* 4 Sandf. 369; *Carter v. Hammett,* 12 Barb. 253.

*Dickinson, Thurber & Stevenson,* for defendants.

MONTGOMERY, J.     The plaintiff is the owner of a building on Woodward avenue, in the city of Detroit, the first floor of which was occupied, up to November 1, 1889, by Charles F. Karpp, under a written lease, the term of which did not expire until May, 1891.     The plaintiff claims that defendants became the occupants on November 1, and brings this action for the use and occupation from that date until February, 1890.

The testimony offered in the case tended to show that Karpp was agent for his wife, Annie L. Karpp; that in July, 1888, Mrs. Karpp gave to defendants a chattel mortgage of the goods and merchandise which were kept in the store building in question, and that this mortgage remained in force and unpaid, and that on or about November 1, 1889, defendants, by an arrangement with Mrs. Karpp, placed an agent in the store building, whose duty it was to receive ·the cash which was from day to day realized by sales of merchandise, and apply it on the indebtedness of Mrs. Karpp to defendants.     Mrs. Karpp was permitted to draw out a stated sum for her personal expenses, and some of the other expenses, such as gas bills, fuel, etc., were paid out of the proceeds of the sales.     New goods were furnished from time to time by the defendants to keep up the stock. It would appear that all parties still expected that Mrs. Karpp would have an interest remaining after sufficient goods had been disposed of to satisfy the mortgage; but it proved otherwise, and, after applying the proceeds of the sales of the goods made up to about February 1, the remainder of the goods were shipped to the defendants, and credited on Mrs. Karpp's indebtedness to them, and a balance still remained due to defendants from Mrs. Karpp of about $1,200, or thereabouts.     These facts were undisputed.

The plaintiff urged two grounds of recovery:

1. That defendants were in fact the occupants of the premises, and therefore liable to pay plaintiff for the rent of the same.

2. That there was an agreement on the defendants' part to pay the rent.

The circuit judge submitted the case to the jury, and a verdict was rendered in favor of the defendants.

Complaint is made of the charge, but, in the view we take of the case, the alleged errors therein, if any,— and we do not intimate that there are,—are immaterial.

The defendants were occupants under Mrs. Karpp, so far as they were occupants at all. She was still the one beneficially interested in the business, and the presence of their agent was for the purpose of protecting their security. This they had a right to do without making themselves liable for the rent. If, as between Mrs. Karpp and the defendants, there was no obligation on defendants' part to pay rent, it is difficult to perceive how they could be held liable to plaintiff without proof of an express agreement to pay. *Doty v. Gillett*, 43 Mich. 203; *Carver v. Palmer*, 33 Id. 342.

The case of *Thompson v. Sanborn*, 52 Mich. 141, cited by plaintiff to support his contention, presented a very different state of facts. In that case the former tenant parted with his entire interest, and ceased to occupy the premises. The defendant thereupon called upon the plaintiff to be allowed to continue the use of the way, but objected to the price which the former tenant had been paying. The plaintiff refused to reduce the rate, whereupon the defendant made the reply that, if he paid any rent, it would be under protest. He proceeded to occupy, but refused to pay for it. The Court held that he could not accept the benefit and at the same time reject the condition, and that defendant's act was conclusive on him, and amounted to a submission to the plaintiff's terms.

But in the present case Mrs. Karpp still remained liable for the rent, and still continued to have the benefit of the occupancy.

Plaintiff sought to establish an agreement with the defendants through Karpp and Mr. Howard, the agent in possession, but we have searched the record in vain to find any evidence of authority of these men to bind the defendants. Both deny having such authority, and the burden rested upon the plaintiff to prove it.

It would have been entirely proper for the circuit judge to have directed a verdict for the defendants. This being so, it follows that there was no error to the prejudice of the plaintiff, and the judgment will be affirmed, with costs.

The other Justices concurred.