## BILLS *v*. A. W. STEVENS CO.

1. APPEAL AND ERROR—ASSIGNMENTS—SUFFICIENCY.
   Assignments of error that the verdict was not warranted by the evidence, that the judgment was not warranted by the evidence, and that the court erred in rendering the judgment are insufficient and cannot be considered.

2. SAME—EXCEPTION TO RULINGS—NECESSITY.
   Where no exception was taken to the court's refusal to take a case from the jury and direct a verdict, nor to the refusal of the court to grant a motion for a new trial, the rulings are not reviewable.

3. PRINCIPAL AND AGENT — SALES ON COMMISSION — CONTRACT — CONSTRUCTION.
   Where a contract creating an agency for the sale of machinery on commission provides that commissions on sales shall be payable as the notes, securities, or other proceeds of sales are paid in money, a sale in consideration of which the employer takes certain secondhand machinery, which he afterwards sells for other machinery, cash, and securities, entitles the agent to the agreed commission on the amount for which the first lot of secondhand machinery is sold without waiting until the securities taken therefor are realized upon or the machinery taken in exchange is sold.

Error to Shiawassee; Miner, J.  Submitted October 12, 1906.  (Docket No. 80.)  Decided December 3, 1906.

Assumpsit by Seward A. Bills against the A. W. Stevens Company for commissions on the sale of certain machinery.  There was judgment for plaintiff, and defendant brings error.  Affirmed.

Plaintiff, acting under an agency contract, sold, as agent for the defendant, a Wisconsin corporation, machinery of the value of $3,078, and by and with the advice and consent of the State agent of defendant and under his instructions accepted in part payment secondhand machinery at a value of $1,103.  The remainder of the purchase price was evidenced by promissory notes, secured by a chattel mortgage upon the machinery sold. The machinery sold was shipped to the vendee in charge of an agent of defendant, who took from the vendee the notes and chattel mortgage and the secondhand machinery.  None of the notes were paid, the mortgage was foreclosed, and the property mortgaged was again recovered by defendant.  It sold the secondhand machinery for $850, accepting in payment for it an engine valued at $300, cash $375, with the balance well secured.  It is undisputed that some time after the original sale plaintiff offered to accept from the defendant $100 in full for his commission upon that portion of the selling price represented by the secondhand machinery, provided said $100 should be paid to him at once, or within a short period of time.  A commission certificate for $100 was made out and sent to plaintiff, but it was made payable when the first note given upon the original sale and secured by the chattel mortgage should be paid.  Whether this commission certificate was accepted by the plaintiff is matter of dispute; defendant asserting that it was so accepted, and plaintiff that he did not accept it, but wrote to defendant, refusing to accept it as it was drawn, and demanding a certificate for the contract commission.  Plaintiff did

retain the certificate, and some two years later produced it at the trial of this cause.   The agency contract provides for an agent's commission on time sales, not exceeding three seasons, of 25 per cent., and that—

" Commission on machinery sales shall be payable as the notes, securities, or other proceeds of sales are fully paid in money.   *   *   *   It is agreed that when machines are sold for cash the commission shall be paid in cash, and when sold on time the commissions on each sale shall be paid from the collection of proceeds pro rata when the same are paid in full as above stated.   As evidence of the amount of commission other than cash, the company will issue and deliver a nonnegotiable certificate, payable in Marinette, Wisconsin, setting forth the amount contained in each note and when such note is due, which shall bear the same number as the note.   *   *   *   No commission shall be earned or payable on orders not filled, or on goods returned, taken back, foreclosed, abandoned, condemned, or bid in by the company upon sale on execution, attachment, or foreclosure, or taken by the company in settlement of any note, notes, or parts thereof, given therefor."

The plaintiff declared upon the contract for the commission earned thereunder, setting out the facts, and upon the common counts in assumpsit.   A bill of the particulars of plaintiff's demand was filed, containing, among other items, the following:

" To moneys received by the defendants for the plaintiff, by the sale of one Birdsall traction engine, No. 2,514, being the engine taken in exchange (by the plaintiff, and at the request of the defendant) for the machinery sold to Julien Miller, $212.50."

The plea was the general issue.   The cause coming on to be tried before the court and a jury, two questions of fact were submitted to the jury, viz.: *First*, whether or not plaintiff had agreed to accept $100, according to the terms of the commission certificate sent him, in lieu of his commission upon the sale by defendant of the secondhand machinery; *second*, whether defendant had sold the secondhand machinery which it received as part payment

for the original machinery and had received money therefor or securities which it accepted as money, and the jury were instructed that, if they found for the plaintiff on the first question and also upon the second question, they were to return a verdict for plaintiff in substance for 25 per cent. of the amount for which the secondhand machinery was sold by defendant, less any items of cost and expense which, by the terms of the contract, plaintiff had agreed to pay. The jury returned a verdict for plaintiff for $212. Defendant was granted a stay of 20 days in which to move for a new trial or settle a bill of exceptions. On the twenty-eighth day a motion for a new trial was made, which the court declined to consider and denied, not upon the merits, but because not made in due season. Six errors are assigned. They are:

"1. The verdict of the jury was not warranted by the evidence.

"2. The judgment of the court was not warranted by the evidence.

"3. The court erred in refusing to take the case from the jury and grant defendant's motion to direct a verdict for the defendant at the close of the plaintiff's testimony.

"4. In rendering a judgment in favor of the plaintiff and against the defendant.

"5. In charging, 'But if you find that the defendant sold the machinery which he received as part payment for the original machinery, and received money therefor, or securities which it accepted as money, then the plaintiff would be entitled to recover his commission on the amount so received by the company,' and to what the court said to the jury on this subject.

"6. Refusing to grant defendant's motion for a new trial.

"And for the errors aforesaid, the defendant says the judgment entered in said cause should be reversed and vacated."

*T. Rogers Lyons*, for appellant.

*Martin V. B. Wixom*, for appellee.

OSTRANDER, J. (*after stating the facts*). It is apparent that errors assigned as Nos. 1, 2, and 4 are badly

assigned and cannot be considered. No exception was taken to the court's refusal to take the case from the jury and direct a verdict for the defendant, which fact would dispose of the third assignment; but, if it had been otherwise, material facts were in. dispute and the case was a proper one for a jury. No exceptions were taken to the refusal of the court to grant defendant's motion for a new trial, for which reason the error assigned as sixth is not for discussion.

The fifth assignment of error raises the question whether, under the contract, properly construed, a sale by defendant of machinery which it had received at a fixed and agreed price in exchange and part payment for the original machinery, although such second sale was not made for cash, entitled plaintiff to recover his commission as upon a sale for cash. The provisions of the contract which relate to this subject have been stated. There is no express provision covering the question of commissions upon sales of machinery taken in exchange for original sales, unless it is the one reading, "Commission on machinery sales shall be payable as the notes, securities, or other proceeds of sale are fully paid in money." Applying this provision to the facts found by the jury, we are of opinion that the charge of the court upon the subject was favorable to the defendant, since it limited the recovery to a percentage of the amount for which the secondhand machinery was sold, and made it depend, also, upon the fact that the company received upon such sale money or securities which it accepted as money. It cannot be said there was no evidence from which the jury could have found this last-mentioned fact. The construction placed upon the contract by counsel for the defendant is that, as defendant has collected but $375 in money upon the sale of the secondhand machinery, plaintiff was entitled to recover no more than 25 per cent. of this sum, and must wait before recovering any further sum until defendant has realized upon the securities which it accepted and has sold for cash the engine which it took

in the second exchange. There is room for construing the contract to mean that the agent is entitled to no commission until defendant has at some price parted with the property which it received in exchange upon the original sale; but, having sold it to persons of its own selection upon terms fixed by itself and accepted at such sale something other than money, it should be held to have fixed thereby the basis for reckoning the agent's commission. This construction is aided by the fact that the provisions of the contract which deny to the agent all commission in case he sells machinery to an irresponsible person, or to a person who for any reason cannot be forced to pay the purchase price, seem to be intended to secure care and inquiry upon the part of the agent before making sales. His diligence and good judgment in that behalf affect his commission. In case of a sale of the machinery taken in exchange upon an original sale, no action of the agent is involved. He is not consulted, and it may well be said that the defendant, in making such second sale, in fixing the price at which the property shall be sold, and in determining the method of payment, has also determined the sum upon which the agent's commission shall be paid.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.