KENNEDY *v.* FORD.

1. SUMMARY PROCEEDINGS—APPEAL AND ERROR—ASSIGNMENTS.
In summary proceedings for the possession of real property the appellant who had asked the court to charge that the jury should find a verdict for complainant and determine the amount due under the land contract which complainant claimed that the respondent had forfeited and that respondent had surrendered the premises, was not in a position to urge on error the defense that respondent had tendered the amount due and sought to proceed with the contract and that such tender deprived complainant of the right to commence a suit to dispossess the vendee.

2. SAME—RIGHTS AFTER DEFAULT—FORFEITURE.
Where complainant in proceedings before the circuit court commissioner claimed that the respondent had defaulted and acquiesced in the forfeiture of his contract interest but later recovered possession of the land by threats and show of force, whereupon the vendor in said contract instituted summary proceedings, the jury finding that respondent abandoned the property and forfeited all rights under the contract, by surrendering possession to the vendor, the vendee could not reinstate his contract interest by forcibly dispossessing the complainant.
    183 Mich.—31.

3. SAME—METHOD OF SURRENDER—PAROL ACTS.

The contention of the complainant did not rest upon or involve the alleged claim that rights under a contract for the purchase of land cannot be surrendered by parol.

4. SAME—TRIAL.

And while the charge was contradictory in that it stated complainant's claim improperly, and in that the court incorrectly instructed the jury that even if they found defendant had not surrendered his rights they should find a verdict for the amount due upon the contract, the errors prejudiced only complainant who did not appeal.

5. SAME—EVIDENCE—CONCLUSIONS.

It was not erroneous for the court to strike out the answer of one of the witnesses to the interrogatory, "Did you ever surrender possession of the premises to ——?" which involved a mixed question of fact and law, and when it had been shown by evidence in detail what the parties did and said.

Error to Cass; Des Voignes, J. Submitted October 16, 1914. (Docket No. 121.) Decided December 19, 1914.

Forcible detainer proceedings by Josephine R. Kennedy against James H. Ford for the possession of farm lands. Judgment for complainant, who appealed to the circuit court and recovered unconditional judgment of restitution. Defendant brings error. Affirmed.

*Clarence M. Lyle*, for appellant.

*Asa K. Hayden* and *Chester E. Cone*, for appellee.

In 1906 the land was owned by Julia E. Hepworth, who in March of that year contracted, in writing, with the defendant to sell the land to him for $20 an acre, the purchase price, $650, to be paid in installments, the last one falling due March 20, 1909, with interest. It was agreed that when one-half the purchase price was paid a deed of the land should be given and the

land thereupon be mortgaged to secure a note of defendant for the remainder. Defendant, the vendee, was given possession of the premises, both by the terms of the contract and in fact. It was mutually covenanted that in case of the default of the vendee the vendor might declare the contract void, forfeit all payments theretofore made, and thereupon the land and appurtenances should revert to the vendor, who might consider and treat the vendee as a tenant holding over without permission, take immediate possession of the premises, and remove the vendee therefrom, or, at her option, the vendor might enforce the contract liability of the vendee.

Defendant owned premises adjoining the parcel in question, and he cleaned up and cultivated some 10 or 12 acres of the land. Defendant, at various times, the last being September 8, 1911, made payments aggregating $350, which were indorsed on the contract. Some time in the latter part of the year 1912 the defendant was notified that he owed $471.77 on the contract, and he talked with the attorney of the vendor, telling him finally that he would get the money in about three weeks and pay. A paper was served on the defendant, vendee, February 7, 1913, which, after reciting the date of the contract and other things, notified defendant that the vendor—

"Has and does declare said contract void and declares 'her election to retain previous payments and improvements as stipulated damages for nonperformance of said contract."

By warranty deed, dated February 7, 1913, the vendor conveyed the land to complainant. To her defendant tendered the sum of $525 March 29, 1913. It was refused. Alleging in her complaint that defendant held the premises by force, unlawfully, and against her right, and that she was entitled to possession, complainant instituted, in April, 1913, before a

circuit court commissioner, an action to recover possession of the premises, the regularity of the proceeding not being in any way now questioned by defendant, and she had judgment for restitution of the premises, but the commissioner recited in the judgment that there was due on the contract $481.59. This was May 3, 1913, on which day defendant tendered complainant $505, asking for a deed of the premises. The tender was refused. Complainant appealed from the judgment rendered by the commissioner, and in the circuit court again had judgment for restitution, but the jury found, upon an issue submitted by the court, that before suit was begun defendant had acquiesced in the claimed forfeiture, and surrendered and abandoned the premises.

The court instructed the jury in part, and in doing so stated the issue as the court regarded it, as follows:

"And in a nutshell, gentlemen, if you find that the plaintiff in this case secured possession of these premises of the defendant in the manner claimed by her, that is, that he relinquished them to her and by his act and conduct gave her peaceable possession, then I charge you as a matter of law that the defendant in this case has no further rights under the terms of this contract; in other words, that the plaintiff would be entitled to a verdict at your hands of guilty —and that will carry with your verdict the right of plaintiff to secure restitution to the lands and premises in question.

"If upon the other hand, gentlemen, you find that he did not relinquish his contract and possession— give possession over to the complainant or her grantor in this case in the manner claimed by them—then the form of your verdict will still be guilty, but you will find that in that case your verdict will be guilty and assess the damages against the defendant in this case at the sum of $481.20. So, gentlemen, you will return one of two verdicts in this case. But it will depend whether or not, and your finding of the fact in this case whether or not, it shall be simply your verdict, 'We find the defendant guilty,' or whether, 'We find

the defendant guilty and require him to pay the sum of $481.20.' In the last instance, if you find that verdict, it will be upon the assumption that he never at any time relinquished his contract or surrendered possession to the premises in question."

The court also said to the jury:

"Now, gentlemen, there is only one question that I am going to submit to you in this case. The other questions have become one entirely of law. The question that I shall submit to you for your determination is, as the court believes, one of fact entirely, and that is this: Did the defendant surrender possession of these premises and relinquish his right to the contract?"

In his brief, and in the following order, appellant states his points to be:

*First,* that the tender of March 29, 1913, deprived complainant of the right to maintain this suit; *second,* that the interest of a contract purchaser in land cannot be surrendered by parol; *third,* that in any event the sum due upon the contract should have been stated in the verdict and judgment; and, *fourth,* that the charge was contradictory and, as the case was submitted to the jury, certain testimony should not have been excluded.

OSTRANDER, J. (*after stating the facts*). I do not find that appellant's first point was made in the trial court. Indeed, the court was requested to instruct the jury to render a verdict of guilty and to determine that there was due complainant, by virtue of the contract, $481.20, which was the amount agreed to be due. As to the second point, the appellee does not claim that the vendee's interest was surrendered by parol, and does contend that what he did amounted to an abandonment of the premises, surrender thereof to the owner, and acquiescence in the claimed and asserted forfeiture of his rights; that thereafter he interfered with complainant's acts as possessor of the

premises in a threatening manner and excluded complainant by threats and a show of force.

Defendant seems to have wholly misapprehended the complainant's theory and the ruling of the trial judge. Complainant does not claim to be entitled to possession of the premises in consequence of the nonpayment of a sum of money. She denies that the parties have any contract relations. If she is right, it is not because defendant attempted to divest himself of his interest in the land by parol. The contract provides for a forfeiture of the vendee's rights, at the election of the vendor. The vendor elected to forfeit. It is obvious that thereafter the vendee might have acquiesced, surrendered his possession to the vendor, and thereby lost all right in the premises, or, he might have refused to do so. If he had refused, and suit to recover possession had been begun and successfully prosecuted, then by virtue of the statute (3 Comp. Laws, §§ 11168, 11177) he would still have the right to pay the sum found to be due on the contract and double the costs awarded to complainant, and in this way save his interest in the land. A jury has found that the vendee acquiesced in the forfeiture and surrendered possession to the vendor. If he did, he should not have retaken and retained possession by force. He could not, in this way, reinstate the original contract relations of the parties and by virtue of them claim the benefit of the statute right to discharge his contract obligation after judgment. There was testimony supporting the verdict of the jury, and there was no motion for a new trial.

The charge of the court was contradictory, both in the recital of the contention of complainant and in advising the jury that if they found no surrender of possession by the vendee, they should still find defendant guilty and find the amount due on the contract. The instruction is explained by the attitude of defend-

ant as indicated in the requests to charge, and the wrong recital may be charged to inadvertence. Defendant could not be, and was not, prejudiced by either.

It is alleged as error that the court struck out the answer of defendant to the question, "Did you ever surrender possession to Josephine R. Kennedy?" What the parties did and said was laid before the jury. Whether there was a surrender was at least a mixed question of fact and law. No fault is found with the charge in this behalf, and the court was not in error in the ruling complained about.

Reversible error not being made to appear, the judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.