WEBBER v. BILLINGS.

1. MASTER AND SERVANT—AUTOMOBILES—NEGLIGENCE.

In an action for personal injuries, sustained by plaintiff while riding in an automobile that defendant's son drove, evidence tending to show that defendant owned the car, that the plaintiff paid a sum of money to be driven with several companions from Ishpeming to Marquette, with other testimony tending to show the existence of the relation of master and servant, held, to raise an issue for the jury, and, in the absence of requests to charge that the son must be shown to have been the servant of the

owner, or of an assignment of error for that reason, the case could not be reversed.

2. APPEAL AND ERROR—ASSIGNMENT OF ERROR—EXCEPTION.

Questions not raised in the lower court and not covered by assignments of error are not reviewable.

3. SAME—SUFFICIENCY OF ASSIGNMENTS—RECORD.

Assignments of error must be specific, and alleged errors not covered by proper assignments of error will not be passed upon.

4. EVIDENCE—OWNERSHIP—TITLE.

Plaintiff's testimony, which was admitted without objection, that defendant owned the automobile in which plaintiff was riding when he was injured, being corroborated by the sworn statement of another witness, warranted the court in submitting the question of ownership to the jury, although defendant and his son both testified that the latter owned the automobile.

5. AUTOMOBILES — HIGHWAYS AND STREETS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.

Where the injured passenger in an automobile was instrumental in causing it to be overcrowded, and imbibed intoxicating liquors with other members of the party, and rode without objection at an excessive rate of speed, the question of his contributory negligence was for the jury, under instructions that if he acquiesced or participated in the negligence of the driver, he should not be permitted to recover.

6. SAME.

*Held*, also, that plaintiff's theory that he was injured on a part of the previously arranged trip, and not, as defendant claimed, that the portion of the journey during which the car was overturned made no part of the agreed trip, was sufficiently supported by the testimony.

Error to Marquette; O'Brien, J. Submitted November 17, 1914. (Docket No. 61.) Decided January 4, 1915.

Case by Melvin Webber against James H. Billings for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*T. J. Dundon* (*Thomas A. Lawler* and *Carl H. Mc-Lean*, of counsel), for appellant.

*A. W. Jurma* (*W. T. Potter*, of counsel), for appellee.

BROOKE, C. J.  On the evening of October 3, 1912, the plaintiff, together with five other young men, entered into a contract with one William Billings, son of the defendant, by the terms of which the said Billings was to carry, by automobile, the six young men from Ishpeming to Marquette and return for the consideration of $6, which was paid.  The automobile in question was a seven-passenger car.  The trip to Marquette was made in safety.  Upon the arrival in that city the seven young men visited several saloons and partook more or less of intoxicating liquor.  At the expiration of an hour or so of this entertainment, the plaintiff and one of his companions, having made the acquaintance of a couple of young women upon the streets of Marquette, proposed to Billings that a ride be taken around Presque Isle, a driveway within the corporate limits of the city of Marquette.  To this request Billings appears to have at first demurred, but finally consented to go upon the condition that the entire party went.  The other young men were then found, and the party proceeded to a hotel in the city where three other young women were added to the party, and the trip around Presque Isle was begun.  The automobile during this trip contained 12 persons.  Upon the return trip, in making a turn, a tire blew out, the automobile skidded, capsized, and fell upon the plaintiff, causing the injury for which suit is brought.

At the conclusion of the case defendant's counsel moved for a directed verdict upon the following grounds:

"*First.*  That the plaintiff has failed to show that

the defendant in this case was the owner of the car at the time of the accident.

"*Second.* That the plaintiff has absolutely failed to show himself free from contributory negligence in this case."

This motion was denied by the trial judge, and the case was submitted to the jury, with the result that a verdict was rendered in favor of the plaintiff in the sum of $1,250. Defendant reviews his case in this court by writ of error. There are but three assignments of error, which follow:

"*First.* The court erred in allowing plaintiff as a witness in his own behalf, over the objections of the defendant's counsel, to testify as to the accident complained of, for the reason that the accident which caused plaintiff's injury occurred during an extra journey in the automobile not contemplated or paid for, which extra journey was taken at the solicitation and under the direction of plaintiff and some of his companions, and against the objections of the driver of said automobile.

"*Second.* The undisputed evidence shows that the automobile was hired by plaintiff and his companions from William Billings, without the knowledge or consent of the defendant, between 8 and 9 o'clock in the evening of October 3, 1912, at Ishpeming, Mich., to run from Ishpeming to Marquette and return for a price of $6; that the extra trip around Presque Isle, sometimes designated the 'Island,' was not contemplated at the beginning of the journey from Ishpeming; that the trip around the Island was a distinct journey arranged by the plaintiff and some of his companions to give five of their lady friends a ride in the automobile; that the automobile was a seven-passenger car, and the placing in it of twelve persons, five more than the capacity of the car, by plaintiff and some of his companions, overloaded the automobile; that said overloading contributed to, if it was not the primary cause of, the accident; that for said overloading of said automobile during the journey around the Island the plaintiff was chiefly responsible, thereby contributing to the accident and to his consequent injury; therefore the court erred in not instructing

the jury as a matter of law, under the undisputed evidence in this case, that plaintiff's conduct and contributory negligence in the premises precluded plaintiff's right to recover damages for his said injury against defendant, who had, according to all the testimony in the case, no hand, part, or knowledge of matters leading up to or causing the injury complained of by the plaintiff.

"*Third.* The court erred in not granting the motion of defendant's attorney for a directed verdict in favor of defendant in this case, for two reasons: *First,* that plaintiff has failed to show that defendant in this case was the owner of the car at the time of the accident; and, *second,* that the plaintiff has absolutely failed to show himself free from contributory negligence in this case."

In this court defendant's counsel first argues that the case should be reversed because plaintiff failed to show the relationship of master and servant, or principal and agent, between the father and the driver of the car, William Billings, at the time of the accident, or at any other time, which was a condition precedent to plaintiff's right to recover. With reference to this point, it is sufficient to say that defendant preferred no requests to charge except his motion for a directed verdict upon the grounds stated, and that there is no error assigned because of the failure of the court to charge that it was necessary for the plaintiff to establish the relationship of master and servant between the defendant and his son, who was operating the car at the time of the accident. There was some evidence in the case from which a jury might have inferred the relationship of master and servant between the defendant and his son; but, in view of the fact that there is no assignment of error covering this point, we deem it unnecessary to consider it at large.

The second point argued in appellant's brief is that the record indicates that the court's instructions to the jury were based upon the statute (section 10, Act No. 318, Pub. Acts 1909) which has been declared

unconstitutional. This question, like the one last discussed, was not raised in the court below, and is covered by no assignment of error.

The third and fourth points argued relate to the relationship of master and servant and cannot be considered in this court for lack of proper assignments of error.

Assignments of error must be specific. This court will not consider arguments upon alleged errors not covered by assignments. *Bills* v. *Stevens Co.*, 146 Mich. 515 (109 N. W. 1059).

Defendant next argues for reversal upon the ground "that plaintiff failed to show that defendant was the owner of the car at the time of the accident." There was testimony introduced on behalf of the plaintiff to the effect that the defendant was the owner of the car. The plaintiff himself gave such testimony, as likewise did the witness Paulsmo. This evidence was received without objection on the part of defendant and was not attacked upon cross-examination. Further than that, the plaintiff testified that after his injury he approached defendant demanding a settlement, when defendant stated:

"I will tell you what I will do. I have got some money coming from some people who have not paid me for automobile rides, and, if you can collect them, you can have that."

It is true both the defendant and his son testified positively that the son was the owner of the car. We are of opinion that, unsatisfactory as the evidence of ownership is on this record, it cannot be said that under the circumstances of the case a question for the jury was not raised which was submitted to them under proper instructions by the court.

Defendant's counsel next claims that the court should have directed a verdict for defendant because the trip around Presque Isle was not included in the

original contract hire. This point, likewise, was not raised in the court below, but may perhaps be said to be covered by the first assignment of error. The question was submitted to the jury for their determination, and their verdict indicates that the plaintiff's theory of the scope of the trip was accepted by them.

The seventh point argued relates to the contributory negligence of the plaintiff and is covered by a proper exception and assignment of error. It may be said that it is not without difficulty. The plaintiff himself seems to have been the most active in procuring the overloading, or overcrowding, of the car for its trip around Presque Isle. He seems to have imbibed intoxicating liquors with the others and to have undertaken the journey without protesting either as to the overcrowding of the car or as to the alleged excessive rate of speed at which it was driven. It is, of course, elementary that, when seeking to recover damages for injuries caused by the negligent act of another, the plaintiff must show himself free from negligence causing or contributing to his injury. If it can be said in the present instance that the plaintiff acquiesced or participated in the negligence of the driver, he should not be permitted to recover. 29 Cyc. p. 551; *Holden* v. *Railroad Co.*, 177 Mo. 456 (76 S. W. 973); and Huddy, in The Law of Automobiles, § 114. The court presented the question of plaintiff's contributory negligence to the jury, and by their verdict they have determined his freedom therefrom. The instructions of the court upon the point, taken as a whole, we think fairly cover the question. While the case is not without difficulty, we have concluded that the record discloses no reversible error.

The judgment is affirmed.

McALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.