### FOWLER *v.* McQUIGG.

1. APPEAL AND ERROR—QUESTIONS FOR REVIEW.

Since the Supreme Court sits as a court of review to pass upon the proceedings and decisions of the lower court and not upon questions raised in the Supreme Court for the first time, it will refuse to pass upon questions not presented to or passed upon by the lower court.

2. CORPORATIONS—INDIVIDUAL DEBT OF OFFICER.

The president and manager of a corporation may not pay his individual debt with credits due the corporation.

3. PRINCIPAL AND AGENT—AGENT MAY NOT PAY HIS DEBT WITH PRINCIPAL'S MONEY.

A person who knowingly receives the money or property of a principal from an agent in payment of the latter's debt does so at his peril.

Error to Kalamazoo; Moinet (Edward J.), J., presiding. Submitted January 18, 1923. (Docket No. 127.) Decided March 22, 1923.

Assumpsit by Charles S. Fowler, assignee of the J. C. Hatfield Company, against Moore McQuigg for premiums due on certain insurance policies and surety bonds. Judgment for plaintiff. Defendant brings error. Affirmed.

*Titus & Titus*, for appellant.

*Claude S. Carney*, for appellee.

BIRD, J. The J. C. Hatfield Company was a corporation engaged in selling fire, accident and industrial insurance, and furnishing indemnity bonds, in the city of Kalamazoo. J. C. Hatfield was president and manager of the company. The defendant is a con-

tractor in the same city.   Between the years 1917 and 1921 the defendant, from time to time, purchased from the J. C. Hatfield Company various kinds of insurance until the premiums amounted to upwards of $1,000.   It appears that Hatfield and his father were indebted to defendant in about the sum of $900. The parties offset these accounts, leaving a small balance owing to the J. C. Hatfield Company.   Later, the J. C. Hatfield Company became financially embarrassed and made an assignment to Charles S. Fowler, the plaintiff, for the benefit of its creditors. Fowler demanded from defendant that he pay his account to the company, and refused to recognize the offset of his personal account against the account of the company.   They were unable to agree and this suit was begun to recover it.

At the trial counsel for the respective parties agreed as to the facts and submitted, the legal question as to whether Hatfield could, under the circumstances of this case, pay his individual debt by money owing to the J. C. Hatfield Company.   After considering the arguments of counsel, the trial court concluded this could not be legally done and directed a verdict for plaintiff in the sum of $1,167.43.   Defendant then employed other counsel, who have assigned a large number of errors.

Several errors are assigned involving questions of practice and procedure.   Opposing counsel replies that these questions cannot be raised in this court because they were not raised in the lower court, and further because there are no assignments of error under which they can be properly considered. We have examined the record and are of the opinion that this objection is well taken.   The following excerpt from the charge indicates that the trial court understood there was but one question of law involved:

"Counsel upon both sides practically agree upon the

facts involved here; that is, that there is no dispute about the facts, but that it resolves itself into a question of law for the court, based upon those facts, and as the court views the case at this time, he is satisfied. that there is no issue of fact to be submitted to the jury, and that the case must be disposed of as a legal proposition."

This court does not take original jurisdiction of this class of cases.    It sits as a court of review to pass. upon the proceedings and decisions of the lower court. and not upon questions raised in this court for the first time.    We have often indicated our refusal to pass upon questions not presented to or decided by the lower court.   *Doty* v. *Gillett*, 43 Mich. 203; *Hyde* v. *Tenwinkel*, 26 Mich. 93; *Gensler* v. *Nicholas*, 151 Mich. 529 (14 Ann. Cas. 452) ; *Kennedy* v. *Ford*, 183 Mich. 481; *Webber* v. *Billings*, 184 Mich. 119; *O'Toole* v. *Insurance Co.*, 159 Mich. 187 (24 L. R. A. [N. S.] 802).

Adhering to these holdings we shall decline to pass upon those in the present case.

The one question presented below and which is before us for review is whether J. C. Hatfield could pay his individual debts and those of his father with credits due the corporation, of which he was president and manager.    The general rule is that the principal may recover his property or its value from a third person where it has been wrongfully transferred by his agent contrary to instructions or in excess of authority. Unauthorized payments of money made by an agent may, as a rule, be recovered by the principal as money due and received; and where an agent without apparent authority uses property of his principal to liquidate his own indebtedness to a third person, or otherwise disposes of it, such property or its value may ordinarily be recovered by the principal by an action of replevin or other appropriate action.    31 Cyc. p. 1605.

A person who knowingly receives the money or property of a principal from an agent in payment of the latter's debt does so at his peril. 21 R. C. L. p. 913. This rule has been followed in Michigan whenever the question has arisen. *Hurley* v. *Watson,* 68 Mich. 531; *Cowan* v. *Sargent Manfg. Co.,* 141 Mich. 87. For a further discussion, see *Gerard* v. *McCormack,* 130 N. Y. 261 (29 N. E. 115), and note in 14 L. R. A. 234.

There are no questions of *bona fides* in the case. The facts bring it within the general rule. Defendant was cognizant of the fact that he was exchanging his account against Hatfield and his father for his indebtedness to the company. The mere fact that defendant was mistaken as to the power of Hatfield to deal with credits of the company would make the situation no better for him.

The trial court reached the proper conclusion, and the judgment will be affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.