ENYART *v.* ENYART.

1. FRAUD—FINDINGS OF FACT—SUFFICIENCY OF EVIDENCE—TRANSFER OF BUSINESS.

Finding that there was no fraud or misrepresentation by defendant, plaintiff's former wife, in connection with the transfer of a grocery business from plaintiff to defendant *held,* supported by sufficient evidence to indicate that it was a benefit to plaintiff to be relieved of the business and its debts, and that the transfer was purely voluntary.

2. SAME—FINDINGS OF COURT—SUFFICIENCY OF EVIDENCE—CHILD SUPPORT.

Claim by plaintiff that the trial court erred in requiring him to account for certain child support, pursuant to a divorce decree, on the basis that he should not be required so to account because he did not know that the divorce decree had been entered *held,* without merit, where there was ample evidence that plaintiff was advised of the divorce, or sufficiently so that he should have inquired further if he had any question concerning the same, and particularly where the trial court allowed the child support as an offset to claims allowed on behalf of plaintiff in his action for alleged fraud.

3. INJUNCTION—SUFFICIENCY OF EVIDENCE—INTERFERENCE WITH STORE.

Injunction against plaintiff from going into and interfering with the operation of defendant's store *held,* proper, under the circumstances, where the evidence discloses that on several occasions after plaintiff transferred the store to defendant, his former wife, he entered the store, caused disturbances, and generally made a nuisance of himself.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 24 Am Jur, Fraud and Deceit § 278 *et seq.*
[3] 28 Am Jur, Injunctions § 332.
[5, 6] 5 Am Jur 2d, Appeal and Error § 635.

4. FRAUD—FINDINGS OF FACT—FAILURE TO MAKE FINDINGS OF FACT.
   Failure of trial court to determine ownership of certain household
   furniture, including an electric stove and oven, allegedly con-
   verted by defendant, his former wife, *held*, to require remand
   to the trial court for appropriate determination, of the conver-
   sion issue in plaintiff's action for fraud.

5. APPEAL AND ERROR—FINDINGS OF FACT—FAILURE TO MAKE FIND-
   INGS OF FACT.
   The Court of Appeals does not pass upon questions of fact not
   presented to or decided by the lower court.

6. SAME—COURT OF APPEALS—SCOPE OF REVIEW.
   The Court of Appeals is unable to review an issue not determined
   by the trial court.

Appeal from Oscoda; O'Keefe (Dennis), J., pre-
siding. Submitted Division 3 March 7, 1967, at Grand
Rapids. (Docket No. 2,606.) Decided July 10, 1967.

Complaint by Walter Raleigh Enyart against
Emma M. Enyart for the cancellation of arrearages
in child support and a lien placed on plaintiff's home
in a prior divorce proceeding, together with damages
for alleged fraud by defendant and the transfer of
certain property from plaintiff to defendant and
the alleged conversion by plaintiff of certain other
property. Cross-complaint by defendant for arrear-
ages in child support, to enforce a judicial lien on
plaintiff's property, for damages because of loss
of business caused through plaintiff's conduct, and
for injunctive relief. Judgment for defendant.
Plaintiff appeals. Affirmed, and remanded.

*Carras & Carras,* for plaintiff.

*Sidney Gassel,* for defendant.

HOLBROOK, J. Plaintiff-husband and defendant-
wife, of Mio, Michigan, were divorced in January
of 1954. They remarried in October of 1955, and
in 1957, adopted a daughter born March 13, 1956.

In 1962, defendant again filed for divorce. The suit was contested. Plaintiff and counsel were present through the entire proceedings. A divorce was granted and judgment entered on June 6, 1963.

Defendant, with the minor daughter, moved to Flint, Michigan, but returned to Mio for the Christmas holidays in 1963. By an agreement with plaintiff, defendant and the minor daughter, remained in Mio, defendant acting as plaintiff's housekeeper. According to defendant, the parties did not live as husband and wife during this time. Plaintiff paid $7 per week in child support from June to December of 1963. However, these payments were discontinued on defendant's return to Mio, presumably because plaintiff furnished groceries and shelter for defendant and the minor daughter during this time.

Plaintiff operated a grocery store in Mio. On March 1, 1965, he turned over the store, including inventory and fixtures to defendant, by bill of sale, the transfer taking place because plaintiff wanted to get out, he needed money and could no longer operate at a profit. The bill of sale was drafted by an attorney at plaintiff's request and properly witnessed. As a part of this transfer the defendant took over a debt of plaintiff at the local bank.

On February 8, 1966, plaintiff brought suit against defendant alleging (1) fraud and misrepresentation as to the transfer of the grocery store, including its inventory and fixtures, because he was unaware of the 1963 divorce until July, 1965; (2) conversion as to household furniture, including an electric stove and oven, removed from the Mio home in October, 1965, by defendant; and (3) nonresponsibility as to the child support payments during the period from December, 1963, to November, 1965.

The trial court, after a trial, entered a decision whereby the plaintiff received a $500.65 credit

against an arrearage of $938 in child support, and a cancellation of the balance. The transfer of the grocery store, with inventory and fixtures, was found to be voluntary, plaintiff's alleged unawareness of the 1963 divorce being rejected as unfounded. The trial judge made no mention of plaintiff's conversion claims, but a restraining order was entered, enjoining plaintiff from interfering with the operation of the grocery store.

Plaintiff appeals raising in issue claimed errors concerning the trial court's findings in relation to the following: (1) The transfer of the grocery store, including fixtures and inventory to defendant; (2) the child support arrearage from December, 1963, to March, 1965; (3) the order restraining plaintiff from interfering with the operation of the store of defendant; and (4) the household furniture, including the electric stove and oven.

(1) *The transfer of the grocery store, including fixtures and inventory to defendant.*

The basis of the fraud or misrepresentation by defendant against plaintiff was to the effect that plaintiff was unaware of his divorce of 1963, that he believed that he was still married and therefore gave the store to defendant, and that defendant was active in permitting plaintiff to believe that he and defendant were still married at the time of the transfer.

The defendant testified that on numerous occasions prior to the time of the store transaction she had reminded him of their divorce. The plaintiff admitted receiving a copy of the court's opinion dated May 20, 1963, and which stated in part as follows: "These incidents constitute extreme and repeated cruelty and habitual drunkenness within the meaning of the statute, and it is found that plaintiff is entitled to a judgment of divorce with

custody of the child." It was also shown that plaintiff's attorney was aware of the granting of the divorce in 1963 as evidenced by a letter addressed to defendant's counsel asking for a certified copy of the judgment of divorce. The divorce decree also provided for support payments of $7 a week which plaintiff paid from June to December in 1963.

Plaintiff's accountant testified in the 1963 divorce proceeding, which was placed in evidence in the instant case that from 1958 to 1962, plaintiff's profits had decreased from approximately $2,500 per year to a loss of $1,213. The defendant in taking over the business assumed a debt of plaintiff at the local bank in the sum of $300 together with other business debts. The defendant testified that when the liquor inspector was present she told him that they were not married, thus restricting any sale of beer and wine until the transfer was completed. She further testified as follows: "Mr. Enyart was very angry at me after that because he said I could have held right on to the license because as far as they knew we were married. I told him a million times we weren't."

Sufficient evidence was produced to indicate that it was a benefit to plaintiff to be relieved of the business and its debts and that it was a purely voluntary action. The court's determination that there was no fraud or misrepresentation present was fully justified. We find no error committed by the trial court in regard to the first question posed by plaintiff.

(2) *The child support arrearage from December 1963 to March 1965.*

The plaintiff asserts that inasmuch as he did not know of the decree of divorce that he should not be required to account for the payment of child support from December 1963 to March 1965. The trial

court allowed the child support as an offset against allowed claims of the plaintiff.

Plaintiff was advised of the divorce or sufficiently so that he should have inquired further if he had any question in his mind concerning the same.

(3) *The order restraining plaintiff from interfering with the operation of the store of defendant.*

Plaintiff complains concerning the restraining order, ordering plaintiff to refrain from going into and interfering with the operation of the store. The evidence discloses that on several occasions after the transfer of the store to his former wife, plaintiff entered the store and caused disturbances, generally making a nuisance of himself. Under the circumstances, the trial judge's granting of an injunction was proper.

(4) *The household furniture, including the electric stove and oven.*

The fourth issue raised by plaintiff complains that the trial court failed to decide that plaintiff was entitled to the household furniture, including an electric stove and oven, taken by defendant in October, 1965, from the Mio home. It is true that the pleadings of plaintiff assert that the questionable items were his property. For some reason, not disclosed in the record, the trial court failed to decide this phase of the case. In *Fowler* v. *McQuigg* (1923) 222 Mich 178, Mr. Justice BIRD stated on p 180 as follows:

"We have often indicated our refusal to pass upon questions not presented to or decided by the lower court. *Doty* v. *Gillett,* 43 Mich 203; *Hyde* v. *Tenwinkel,* 26 Mich 93; *Gensler* v. *Nicholas,* 151 Mich 529 (14 Ann Cas 452); *Kennedy* v. *Ford,* 183 Mich 481; *Webber* v. *Billings,* 184 Mich 119; *O'Toole* v. *Insurance Co.,* 159 Mich 187 (24 LRANS 802)."

In the absence of a determination in relation to this issue, we are unable to review the same.

Affirmed, except that the matter of ownership of the disputed household items is remanded for determination. Costs to appellee.

FITZGERALD, P. J., and BURNS, J., concurred.