(February 8, 1916.)

CHARLES DARRY, Respondent, v. J. F. COX, Doing Business Under the Firm Name of COX BROTHERS, and B. J. CARNEY COMPANY, a Corporation, Appellants.

[155 Pac. 660.]

CONSTITUTIONAL LAW—TITLE TO LEGISLATIVE ACT—ADVERSE PARTY AS WITNESS—EXHIBITS ADMITTED CONDITIONALLY—CONFLICT IN EVIDENCE.

1. The act of the legislature approved March 13, 1909 (Sess. Laws, 1909, p. 334), permits a party to a civil action, or proceeding, to call as a witness the adverse party, or other person for whose immediate benefit such action or proceeding is prosecuted or defended, or the directors, officers, superintendent or managing agents of any corporation which is a party of record in the case, and to examine such witness as if under cross-examination. The purpose of this act is sufficiently expressed in the title, and meets the requirements of sec. 16, art. 3 of the constitution.

[As to constitutional provisions relating to sufficiency of title of statutes, see note in 79 Am. St. 456.]

2. Where it appears from the record that the trial court, sitting without a jury, admitted certain exhibits in evidence conditionally, the condition being that respondent would make a showing which would give the court some ground to act upon them, and where no

showing was made in that behalf, there is nothing in the record to indicate that the court acted upon them, or considered their contents in reaching its conclusion, it will be inferred that it disregarded the exhibits, and their admission, under these circumstances, was not prejudicial error.

3. Where a debtor seeks to show payment by receipts, canceled checks or other vouchers, which appertain to another transaction than that embraced within the issues framed by the pleadings, it is clearly proper to admit evidence tending to show that fact to the end that he does not receive credit to which he is not entitled.

4. The rule that an appellate court will not disturb the judgment of a trial court, because of conflict in the evidence, where there is sufficient proof, if uncontradicted, to sustain it, applies with equal force in actions at law and suits in equity where the decision is based upon oral evidence.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Action to foreclose lien. Judgment for plaintiff. *Affirmed.*

J. F. Ailshie and J. Ward Arney, for Appellants.

The title to the act is misleading, and does not give notice of or conform with the contents of the body of the act, and runs counter to sec. 16, art. 3, of the state constitution. (*Turner v. Coffin,* 9 Ida. 338, 74 Pac. 962; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Gerding v. Board of County Commrs.,* 13 Ida. 444, 90 Pac. 357.)

If this act were found to be a valid statute, it still does not intend to or contemplate permitting the plaintiff, before introducing a word of testimony, to call the defendant and cross-examine him. Independently of statute, no such right ever existed. ''The right to cross-examine is, however, conditioned by the existence of a direct examination. No right exists in the absence of direct examination.'' (1 Chamberlayne, Modern Law of Evidence, sec. 378.)

''A mere guess by witnesses is not sufficient to make a substantial conflict in the evidence.'' (*Idaho Mercantile Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933; *Wilson v. Vogeler,* 10 Ida. 599, 79 Pac. 508; *Village of Ilo v. Ramey,* 18 Ida. 642, 112 Pac. 126.)

McFarland & McFarland, for Respondent.

The objection should be grave and the conflict between the constitution and the statute palpable before the judiciary should hold the statute unconstitutional. (*Butler v. City of Lewiston*, 11 Ida. 393, 83 Pac. 234; *Pioneer Irr. Dist. v. Bradley*, 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295.)

The court will not disturb a judgment on the ground of insufficiency of the evidence where there is a conflict of evidence and competent evidence to support the findings of the lower court. (*Hufton v. Hufton*, 25 Ida. 96, 136 Pac. 605; *Tilden v. Hubbard*, 25 Ida. 677, 138 Pac. 1133; *Henry Gold Min. Co. v. Henry*, 25 Ida. 333, 137 Pac. 523; *Richardson v. Bohney*, 26 Ida. 35, 140 Pac. 1106.)

MORGAN, J.—This action was commenced for the purpose of foreclosing a lien filed in order to secure payment for labor performed and assistance rendered by respondent in hauling and skidding 3,000 cedar poles for and at the instance and request of appellant Cox.

It is alleged in the complaint that on or about the 6th day of May, 1914, Cox employed respondent to perform the work and agreed to pay him one cent per lineal foot for all poles which he hauled and skidded; that pursuant to their agreement he hauled and skidded 219,750 lineal feet of poles between May 6 and September 10, 1914, and that there became and was due to him, under the contract, the sum of $2,197.50, no part of which was paid except the sum of $1,392.50, and that there is still due to him, after deducting all just credits and offsets, the sum of $805, for which amount he asks judgment, together with costs and attorney's fee, and for the foreclosure of his lien. The filing of claim of lien is duly alleged and a copy thereof is attached to the complaint as an exhibit.

In their answer appellants admit that the agreement was entered into, but deny that respondent hauled or skidded 219,750 lineal feet of poles or any other or greater amount than 200,904 feet, and they deny that there is due or owing or unpaid to him the sum of $805, or any sum at all, and allege that he has been paid in full for his labor and services,

By way of counterclaim and cross-complaint it is alleged that on and between May 6 and September 10, 1914, respondent was indebted to appellants in the sum of $2,487.77 for goods, furnishings, supplies, outfits, clothing, foodstuffs and materials sold and delivered to him, and for labor of men, horses and teams of horses, and for services rendered to him between the above-mentioned dates, by appellants, at his request and for his benefit; that no part of said sum has been paid except $2,239.57, for which he has been given and has received full credit; and that there is now due, owing and unpaid from respondent to appellants, after deducting all just credits and offsets, the sum of $248.20, in which amount they ask for judgment against him.

Trial was had without a jury and the court made findings of fact and conclusions of law and rendered judgment in favor of respondent and against appellant Cox in the sum of $590.37, together with attorney's fee and costs, and decreed the foreclosure of the lien. This appeal is from the judgment and decree.

The action of the court in permitting respondent to call appellant Cox as the first witness and to propound questions to him, as if upon cross-examination, pursuant to the provisions of Senate Bill 28, approved March 13, 1909 (Sess. Laws 1909, p. 334), is assigned as error. Counsel for appellants urge that the act above mentioned is void, for the reason that its title is insufficient to meet the requirements of sec. 16, art. 3, of the constitution, which provides that the subject of a legislative enactment shall be expressed in the title, and they argue that while the title, in this instance, indicates that the legislation under consideration relates to the *examination* of a party to the record by the adverse party, the act itself provides for *cross-examination*.

This act of the legislature is not subject to the objection made against it. The title indicates the purpose to be to provide for the examination of a party to a civil action or proceeding, or of a person for whose immediate benefit such action or proceeding is prosecuted or defended, or of certain officers or agents of any corporation which is a party to the

record, by the adverse party. The act permits the examination of the classes of persons mentioned in the title, by the adverse party, as if under cross-examination. It does not authorize, nor was it the intention of the legislature to attempt to authorize, the impossible—the cross-examination of a witness who has not been subjected to direct examination. It permits a party to a civil action or proceeding to call as a witness the adverse party, or other person included in one of the classes above mentioned, and to prove by him a fact or facts in issue which could not, probably, be otherwise established, and to allow such witness to be examined according to the liberal rules of cross-examination whereby leading questions may be propounded. The purpose of the act is sufficiently expressed in the title. (*State v. Pioneer Nurseries Co.,* 26 Ida. 332, 143 Pac. 405, and cases therein cited.)

Under the general rule, prior to the adoption of this act, a party calling such a witness as therein referred to was bound by his testimony. This law modifies that rule and permits such testimony to be rebutted. It is suggested that the purpose of the act is abused, and that a plaintiff may call the defendant as a witness thereunder and inquire into the entire defense, not confining himself to facts which cannot be otherwise readily shown. Trial courts have the same discretion to limit an examination of this kind that they have of cross-examination, generally, and should exercise that discretion to the end that the purpose of the law be not abused.

Appellants urge that the court erred in admitting in evidence respondent's exhibits "G" and "H," which purport to be copies of memoranda kept by the men who hauled and skidded the poles of the number of lineal feet so handled by them. It appears that the memoranda had been lost, or destroyed, and that the persons who made the original entries could not be produced as witnesses. When these exhibits were first offered as evidence the court ruled as follows: "It does not seem to me that these are admissible without further proof. I don't know whether it would be possible to make sufficient proof to make them admissible, but I do not think they are as the matter now stands." Later these exhibits

were again offered and the court ruled: "As the matter stands now, if they are in evidence I don't just now see what weight the court could give them. I will let them go in and trust to your making some showing that will give the court some ground to act on them. But as they are, I question whether the court could give them any serious consideration. With that understanding I will let them go in."

From the language employed by the court it appears that the exhibits were admitted conditionally, the condition being that respondent would make a showing which would give the court some ground to act upon them. No showing was made in this behalf, and since there is nothing in the record to indicate that the court acted upon them, or considered their contents, we infer that, in reaching its conclusion, it disregarded the exhibits and that their admission in evidence, under these circumstances, was not prejudicial error.

Appellants assign as error the action of the court in admitting evidence relative to a contract between the parties the terms of which had been fully performed before they entered into the agreement which resulted in this action. The purpose of that evidence was to show that certain vouchers, relied upon by appellants, related to payments of money earned under the former contract. Even had timely objection been made to this proof, and it was not, it would have been properly overruled for, where a debtor seeks to show payment by receipts, canceled checks or other vouchers which appertain to another transaction than that embraced within the issues framed by the pleadings, it is clearly proper to admit evidence tending to show that fact to the end that he does not receive credit to which he is not entitled.

The remaining errors assigned by appellants relate to the action of the court in finding there is a balance due to respondent in the sum of $590.37 and in awarding judgment therefor, and they insist that no other or greater sum is due to him than $69.54.

The evidence is very conflicting and, we may say, not a little confusing as to the amount due to respondent for his labor and services, after deducting all just credits and off-

sets, but we find sufficient in the record to bring this case within the oft-repeated rule that an appellate court will not disturb the judgment of a trial court, because of conflict in the evidence, when there is sufficient proof, if uncontradicted, to sustain it. This rule applies with equal force in actions at law and suits in equity, where the decision is based upon oral evidence. (*Bower v. Moorman,* 27 Ida. 162, and cases therein cited on page 174, 147 Pac. 496; *Smith v. Faris-Kesl Construction Co.,* 27 Ida. 407, and cases therein cited on page 418, 150 Pac. 25.)

The judgment of the trial court is affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur. ·

Petition for rehearing denied.