ADAM HECKMAN, RESPONDENT, v. ABRAHAM COHEN, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"This is an appeal from a judgment rendered against the appellant in favor of the appellee in the Orange District Court, for the sum of $192.66 and costs. The case was tried by the court, sitting without a jury.

"The appellant urges three grounds of reversal of the judgment—*first*, the refusal of the trial court to grant a motion for a nonsuit; *second*, the refusal of the trial judge to find for the defendant; *third*, that the court improperly allowed punitive damages,

"We think the motions for a nonsuit and to find for the defendant were properly refused. This is a case where a person while crossing a public street in full view of the driver of an automobile for a distance of one hundred and fifty feet, was hit by the automobile and injured.

"The plaintiff drove a pie wagon. He stopped his wagon on the right side of Bowery street, in the middle of a block. There was an exit from the rear of the wagon, by means of a step, from which the plaintiff, according to his story, alighted, with fifteen pies piled on his left arm, and started on his way across the street to make delivery of the pies, when he was struck by the automobile.

"It appears that the automobile that struck the plaintiff was on the trolley tracks and directly behind a trolley car, which was proceeding in a westerly direction. The plaintiff testified that when he first saw the automobile it was about one hundred feet away, and that he had walked from the rear of his wagon, the distance variously estimated at nine and fifteen feet, and had passed over one track and was just on the inside track when he was struck by the automobile.

"For the appellant, the driver of the automobile testified that he was driving on the trolley tracks behind the trolley car at eight or ten miles an hour; that he saw the plaintiff leave the rear of his wagon and start across the street; that at that time the automobile was one hundred and fifty feet away; that he gave no signal of the approach of the automobile to warn the plaintiff. It further appears that the plaintiff was seventy years of age at the time of the accident. We think that it was a question of fact for the trial judge to determine whether the defendant, under the surrounding circumstances, by the exercise of reasonable care, could have avoided running into the aged plaintiff. The trial judge found that the defendant could have avoided the accident by the use of reasonable care. The speed at which the car was driven, under the surrounding circumstances, and the failure of the driver of the automobile to sound a warning to the aged plaintiff, were the basis of the court's finding that the defendant was negligent. We think the facts properly justified this inference. We also think that court was justified in finding that the plaintiff was not guilty of contributory negligence. The plaintiff had the right to reasonably expect that the driver of the automobile having the plaintiff in sight as he was crossing the street would have his car under control and would avoid running into him. The driver of the automobile could turn either to the right or left, and, therefore, the reason of the rule applicable to street railways which must proceed on the tracks is not applicable to wagons which may turn readily from their course in various directions.

"The reason urged for a reversal of the judgment that the trial judge awarded punitive damages is not sustained by the record in the case. The finding of the trial judge plainly shows that he awarded damages to the plaintiff for the pain, suffering and anguish which resulted to the plaintiff as a consequence of his injuries.

"The judgment will be affirmed, with costs."

For the appellant, *McDermott & Enright.*

For the respondent, *John A. Bernhard.*

PER CURIAM.

Heckman, the present respondent, recovered a judgment in the Orange District Court for personal injuries received from being run down by the defendant's automobile while crossing Bowery street, in the city of Newark, for the purpose of distributing pies to customers. He had stopped his wagon on the north side of the street, in the middle of the block, and was crossing over the south side with a dozen or more pies upon his arm when the accident occurred. The trial resulted in a judgment in his favor. The defendant, Cohen, then appealed to the Supreme Court, and the District Court judgment was there affirmed.

We concur in the views expressed by the Supreme Court in its opinion, and are satisfied to affirm upon that opinion. We observe, however, a slight inaccuracy in the statement of facts contained therein, viz., "that the automobile that struck the plaintiff was on the trolley tracks and directly behind a trolley car." We have discovered nothing in the testimony sent up with the appeal which discloses the presence of a trolley car upon the scene of the accident at the time of its occurrence. With this correction we adopt the opinion of the Supreme Court.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   11.

*For reversal*—None.