lord has rightfully terminated a tenancy by notice, it would not be necessary to give further notice to commence an action of forcible detainer.

4. LANDLORD AND TENANT, § 437*—*when tenant no election as to holding over.* Where a tenant holds over for a year or years after his term expires without any new agreement, the landlord may at his election treat such tenant as a trespasser or as a tenant for another year on the same terms as in the original lease, but the tenant has no such election.

5. FORCIBLE ENTRY AND DETAINER, § 31*—*when demand for possession unnecessary.* No demand for possession is necessary before bringing an action of forcible detainer against a tenant holding over after expiration of the term specified in his lease.

---

## Mary Smeckpeper, Appellant, v. Chicago Railways Company and Ervin C. Hagerman, Appellees.

### Gen. No. 22,759.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed as to Chicago Railways Company and reversed and remanded for a new trial as to Hagerman. Opinion filed March 26, 1917.

### Statement of the Case.

Action by Mary Smeckpeper, plaintiff, against Chicago Railways Company, a corporation, and Ervin C. Hagerman, defendants, to recover damages for personal injuries sustained by being struck by an automobile owned by defendant Hagerman driven by his servant. From a judgment for defendants on an instructed verdict, plaintiff appeals.

CHARLES C. SPENCER and A. M. GRIFFIN, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FRANK L. KRIETE, for appellee Chicago Railways Company; W. W. GURLEY, J. R. GUILLIAMS and PHILIP ROSENTHAL, of counsel.

H. L. HOWARD, for appellee Hagerman.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when verdict properly directed for defendant in action for personal injuries.* In an action to recover damages for injuries sustained by being struck by an automobile alleged to be owned by the defendant, where the defendant pleaded specially that it did not own such automobile, *held* that the plaintiff's failure to prove such ownership warranted a directed verdict for the defendant.

2. TRIAL, § 195*—*when direction of verdict is improper.* On motion for a directed verdict against the plaintiff, the court looks to the evidence most favorable to the plaintiff's claim, and if there is any evidence tending to support plaintiff's claim the case is one for the jury and not for the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.