JOHN W. SIEBERT, APPELLEE, v. CHICAGO, MILWAUKEE &
ST. PAUL RAILWAY COMPANY, APPELLANT.

FILED SEPTEMBER 27, 1919.    No. 20463.

Railroads: INJURY TO EMPLOYEE: NEGLIGENCE: SUFFICIENCY OF EVIDENCE.
On the issue of negligence on the part of defendant in setting
a brake on a railroad freight car, the evidence outlined in the
opinion *held* insufficient to sustain a verdict in favor of plaintiff.

APPEAL from the district court for Douglas county:
ARTHUR C. WAKELEY, JUDGE. *Reversed.*

*Crofoot, Fraser & Connolly,* for appellant.

*A. H. Bigelow, contra.*

ROSE, J.

This is an action by John W. Siebert, plaintiff, to
recover from the Chicago, Milwaukee & St. Paul Rail-
way Company, defendant, damages in the sum of $10,000
for alleged negligence resulting in personal injuries.
Defendant denied negligence on its part, and pleaded
that the injuries of which plaintiff complains were caused
by his own negligence. From a judgment on a ver-
dict in favor of plaintiff for $8,250, defendant has ap-
pealed.

Plaintiff, when injured, was a railroad conductor in
the employ of the White Sulphur Springs & Yellowstone
Park Railway Company, a corporation operating 23
miles of railroad in Montana between Ringling and
White Sulphur Springs. Under a lease, both plain-
tiff's employer and defendant used the latter's rail-
road tracks and switch-yards at Ringling. There a line
of live stock cars were standing on a side-track, where
they had been switched and left by defendant. Plain-
tiff and his train crew in the performance of their
duties undertook to switch some of these cars to another
track. After the locomotive had been attached to the
line for that purpose, plaintiff mounted a car near the

front end of the train, turned by hand the brake-wheel on the top of the brake-shaft, kicked the brake-dog out of the brake-ratchet on the top of the car, and thus released the brake. Walking on the tops of the cars toward the rear, he released the brakes in the manner indicated. In his petition he alleges that the brake on the rear car, when released by him, recoiled with tremendous force and threw him onto a parallel track inflicting severe injuries. The negligence imputed to defendant is the setting of the brake too tight.

The principal assignment of error is the failure of the trial court, after both sides had adduced their proofs, to sustain a motion by defendant for a peremptory instruction in its favor on the ground that the evidence is insufficient to sustain a verdict for plaintiff on the issue of negligence in setting the brake. On this point counsel for plaintiff summarizes his case thus:

"Plaintiff was thrown from the top of a car and injured by a tremendous brake-recoil. He declared that such a recoil could only have been produced by the brake being improperly set when the car was set in. Two experts support this declaration, and defendant, with all its available experts, neither made any attempt to deny it nor to show that such a recoil could have been made by any customary or proper way of setting the brake when the car was set in, nor by the way they testified they had set the car in."

Should the jury have been permitted to find that defendant negligently set the brake? Defendant's train-crew switched the string of live stock cars onto the side-track several days before plaintiff was injured. There is no evidence that any employee of defendant in the meantime touched any of those cars. Neither plaintiff nor any other witness who testified in his behalf saw the switching or the braking. The inference of negligence rests alone on the force of the brake-recoil, as described by plaintiff, and the expert opinions of himself and two other trainmen that such force was, or

could have been, caused by negligence in the setting of the brake too tight; the latter testifying in answer to hypothetical questions.  The string of cars stood on a slight incline, where they could be held in place by the application of the hand-brake by a single brakeman. This was the proper method of braking at the place of the injury.  The theory of plaintiff is that the brake which recoiled with violent force was set by two brakemen, or by the use of a brake-stick, or by air—all improper methods.  He testified that he seized the brake-wheel with his hands and made several efforts to release the brake before he succeeded; that when finally released it recoiled violently before he could get his hands out of the way; that it threw him off the car, and that in his opinion the force of the recoil was caused by the setting of the brake in one of the negligent methods described.  His testimony, however, and that of his two experts must be considered in connection with other proofs.  Plaintiff was 55 years of age when injured.  The weather was hot at the time.  His own testimony shows that he wore greasy gloves when turning the brake-wheel; that his gloves slipped; that he was off his balance at the time of the recoil; that the amount of force used in setting the brake would, if properly applied, release it; that he in fact released the brake himself by hand.  The testimony of his own experts on cross-examination tends to show that a strong man, by hand, could have set the brake tight enough to produce a brake-recoil with sufficient force to throw a man from the car, if off his balance.  There was no necessity or occasion for setting the brake in any of the three improper methods mentioned by plaintiff.  The use of any one of them would have required the service of another man or increased the task of a single brakeman.  That course would have disregarded a custom and a rule of defendant—the employer of the trainmen who did the switching and the braking.  With one exception plaintiff released the brakes by hand without

103 Neb.—46.

mishap. Three members of the train-crew who switched the string of stock cars onto the side-track testified at the trial. The import of their testimony is: Their attention was called to the accident shortly after it occurred, and the circumstances connected with the switching and the braking were thus impressed on their minds. A single brakeman, while the train was in motion, set the brake on the rear car by hand. The brake was not set by two men, or by the use of a brake-stick, or by the application of air. This testimony came from the brakeman who set the brake on the rear car, and from other trainmen, who said they were present when the live stock cars were switched onto the side-track. In addition, the proofs of defendant show that plaintiff, as conductor, in formally reporting the accident, gave the cause of his fall as follows:

"While switching out stock cars in west end of Ringling yards, to be sanded, was on top of car letting off hand-brakes, and while doing so his handhold slipped, throwing him off balance and causing him to fall to the ground."

In the light of all of the evidential facts which appeal to the reason and convince the judgment, plaintiff's description of the recoil and his opinion that it was caused by the work of two men in setting the brake, or by the use of a brake-stick, or by the application of air, are mere conjecture and speculation. His experts did not strengthen his case. Such testimony is not sufficient evidence of the negligence charged to support a verdict in favor of plaintiff. The contrary was implied, if not declared, by the submission of the case to a jury whose sympathies would naturally be aroused by the age of plaintiff, by his service as brakeman and conductor, and by his injury, suffering and loss. It is sometimes difficult to escape such promptings of the human heart, even where there is judicial responsibility for an impartial analysis of the evidence and for an unfaltering application of the law. Under the circumstances the verdict

for plaintiff, therefore, should occasion no surprise, though without support in the evidence. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.