EUGENE LYNCH, as Administrator, etc., of HELEN P. LYNCH, Deceased, Respondent, *v.* WILLIAM A. PRATT and Another, Appellants.

First Department, December 23, 1927.

Motor vehicles — action for death of plaintiff's intestate — question of negligence and whether driver of automobile was driving on business of defendant was presented by evidence — limitation on defendant's right to attack credibility of principal witness of plaintiff constituted error — instruction to jury insufficient.

This action is to recover damages for the death of plaintiff's intestate who was killed by defendant's automobile which was being driven at the time by a third person. The evidence presented questions of fact as to whether or not there was

negligence on the part of the driver and whether the driver was driving the automobile at the time in defendant's business.

Principal witness for the plaintiff on cross-examination denied that he stated to a police officer immediately after the accident that he did not think the driver of the automobile was to blame and that "the lights were out and he couldn't see us." It was prejudicial error to deny the defendant the right to examine the police officer to whom the statements were alleged to have been made, for the offered evidence went directly to the credibility of plaintiff's witness.

While the court in its charge stated the general law of negligence, it did not state the precise issues of fact which the jury was to determine and it was, therefore, insufficient and constituted error.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 4th day of January, 1927.

*John J. O'Connor* of counsel [*Leonard F. Fish* with him on the brief; *Leonard F. Fish*, attorney], for the appellants.

*J. Philip Van Kirk* of counsel [*Kadel, Van Kirk, Trencher & Villamena*, attorneys], for the respondent.

PROSKAUER, J.   On the night of April 5, 1924, between eight and nine o'clock, Helen P. Lynch and her infant children, in company with a police officer, Berner, were walking along a Bronx thoroughfare which retained the character of a rural highway; it had no sidewalks. The night was dark. The defendant Eggett was driving an automobile without headlights upon this road; his sidelights were lit, however, and were seen approximately 150 feet ahead of the vehicle. There is evidence that he blew his horn when he was about 150 feet from the point at which the accident in question occurred, and that he had had no warning of the presence of Mrs. Lynch or Berner until he was about 4 feet from them, though Berner testifies to the giving of a more timely warning. Eggett was driving, according to his testimony, in second speed and after coming in contact with Berner and Mrs. Lynch stopped his car before it had gone past them. Mrs. Lynch subsequently died from the injuries she received. The defendant Pratt was the owner of the car, and it was for the jury to determine whether the car was being driven upon his business. Whether the driver of the automobile was negligent was also a question for the jury, but a far closer and more sharply contested one.

We are constrained to reverse the jury's finding for the plaintiff because of error in the exclusion of testimony. On his cross-examination the witness Berner denied that in words or in substance he had stated to Sergeant Murdock at the hospital immediately after the accident that he did not think the driver of the automobile was to blame and that "the lights were out and he couldn't see

us." The defendant thereafter sought to elicit from Sergeant Murdock that Berner had made this statement to him. The proffered evidence went directly to the credibility of Berner. (*Burke* v. *Borden's Condensed Milk Co.*, 98 App. Div. 219; *Maher* v. *N. Y. Central & H. R. R. R. Co.*, 20 id. 161.) The plaintiff's case rested almost entirely upon the testimony of Berner, and the refusal of the court to permit his impeachment in a respect as vital as this probably directly affected the conduct of the jury.

The charge of the learned trial court did not adequately inform the jury as to the nature of the negligence with which the defendants were charged. It stated the general law of negligence correctly, but gave no information as to the precise issue of fact which the jury was to determine. The defendant endeavored to raise this question by requests to charge, which were denied. They are for the most part technically inaccurate in form. The exceptions to their denial, however, serve to draw attention to the omission in the charge and prompt us to reverse on the facts (*McKellar* v. *American Synthetic Dyes*, 229 N. Y. 106, 108) as well as upon the error in the exclusion of evidence.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.