[Civ. No. 4889. Second Appellate District, Division Two.—March 2, 1928.]

LUCILE E. PEATFIELD, Respondent, v. PACIFIC GAS RADIATOR COMPANY (a Corporation) et al., Appellants.

W. I. Gilbert for Appellants.

A. P. Thomson and Henry W. Mahan, Jr., for Respondent.

STEPHENS, J., *pro tem.*—A jury returned a verdict in this case in the sum of $8,000 against defendants and in favor of plaintiff as damages resulting from an automobile accident, and defendants appeal upon a bill of exceptions. The salient facts are as follows:

The plaintiff, a woman nurse, left her home at about 6 o'clock P. M. on October 18, 1920, to walk to a branch post-office in the city of Los Angeles. She wore a dark coat which left 20 inches of her white uniform showing below. It was raining, and she carried open a dark umbrella. At the southeast corner of the intersection of Moneta Avenue and Seventy-third Street she discovered water running in Seventy-third Street, flush with the curb, and after looking up and down Moneta Avenue and observing no vehicles approaching, walked on a board into Moneta Avenue, crossed Seventy-third and proceeded northerly along Moneta Avenue to the right of the street-car tracks, expecting to cross back out of the street at the first opportunity. When about 100 feet from Florence Avenue, the next cross street, she was struck from the rear by an automobile and seriously injured. The automobile was being driven by the defendant Ostrowsky for the defendant Pacific Gas Radiator Company. The left headlight was burning and a dash light also. The right headlight was broken and had not functioned for some three days previously. The automobile was moving, according to the driver, at a speed of 10 or 12 miles per hour, and after hitting defendant went at least the length of the car before stopping, although there is some evidence that it went farther. The driver saw plaintiff but a very short distance before hitting her, and could not stop in time to prevent the accident. The car did not have skid chains on. There were street lights at the Moneta and Florence Avenue intersection. Some store lights also gave light in the street. The windshield on the car was wet with rain

and the driver testified that he was looking ahead and around it.

Appellants contend in their opening brief that these facts show no negligence chargeable to defendants, but withdraw this claim in their reply brief. ▮ Both upon the statement and this concession we hold that there was evidence to support the jury's determination of negligence. Appellants claim in their brief "that respondent was guilty of contributory negligence as a matter of law, and that the jury should have been instructed to return a verdict for appellants." They concede that where there is a substantial conflict in the evidence this court will not disturb the verdict, and cite *Ivancich* v. *Davies,* 186 Cal. 520 [199 Pac. 784], as authority; but they quote from *Shade* v. *Bay Counties Power Co.,* 152 Cal. 10 [92 Pac. 62], as follows: "With respect to the principle of contributory negligence, it is well established 'that where the facts are clear and undisputed, and where no other inference than that of negligence can be drawn from them, the court is not required to submit the question to the jury, but may itself make the inference.' (*Studer* v. *Southern Pacific Co.,* 121 Cal. 400 [66 Am. St. Rep. 39, 53 Pac. 942].) In Thompson on Negligence (vol. I, sec. 1249) the rule, supported by ample authority, is stated to be that 'the traveler cannot recover if he could have avoided the accident by the exercise of reasonable care on his part.' (See, also, *Flemming* v. *Western Pacific R. R. Co.,* 49 Cal. 253.)"

▮ Under the circumstances plaintiff had a right to use the street in a reasonable manner. She was avoiding the stream running along the side of the street, expecting to cross back out of the thoroughfare at the first opportunity. She looked before she started and was proceeding on the right side of the road. A machine unlawfully equipped as to lights, in that but one of its headlights was burning (Motor Vehicle Act, Stats. 1919, p. 206, sec. 13a), approached from the rear and ran her down. It does not seem useful to go further. These facts do not constitute negligence as a matter of law on the part of respondent.

▮ The trial court did not err in denying the motion for nonsuit, and there was abundant evidence to support the verdict of the jury. (*Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743]; *Warner* v. *Bertholf,* 40 Cal. App. 776 [181

Pac. 808]; *Devecchio* v. *Ricketts*, 66 Cal. App. 334, 340 [226 Pac. 11].)

No other assignments of error are pressed by appellants. Judgment affirmed.

Works, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 30, 1928.

All the Justices present concurred.