James I. Quinn *vs.* John Miller.

Worcester.    April 8, 1929. — April 10, 1929.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

At the trial of an action of tort for personal injuries, there was evidence that the plaintiff, who was walking on a misty, rainy night across a square on a cross walk ten feet wide and one hundred fifty-five feet long, when about half way across and about at the entrance of a safety zone marked out with paint on the square, noticed an automobile operated by the defendant turning a nearby corner and apparently heading to go across the square at a speed of twenty to twenty-five miles an hour; that he kept the lights of the automobile constantly in view; that its speed was not diminished, nor did he hear any signal from it; that, when it was within fifteen feet from him, it swerved quickly to its left and struck him, although he jumped to get out of its path; that the defendant knew of the cross walk and safety zone; and that the automobile would have passed to the rear of the plaintiff if it had remained on its right hand side of the street. *Held*, that
    (1) It could not have been ruled as a matter of law that the plaintiff was guilty of contributory negligence;
    (2) A finding was warranted that the defendant was negligent.

Tort.    Writ dated November 13, 1926.

Material evidence at the trial in the Superior Court before *P. J. O'Connell*, J., is stated in the opinion. At the close of the evidence the judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $12,500, of which the plaintiff subsequently remitted $4,500 by order of court. The defendant alleged an exception.

*J. C. McDonald*, for the defendant.

*J. E. Casey*, for the plaintiff.

Rugg, C.J.    This is an action of tort whereby the plaintiff seeks to recover compensation for personal injuries alleged to have been sustained through the negligence of the defendant.

There was evidence tending to show the following facts: The plaintiff, a pedestrian, at a quarter after midnight,

stopped upon the curb of a sidewalk, looked both to his right and to his left without observing any approaching vehicle, and then started to cross a square inside lines laid out for foot traffic. The cross walk so marked was ten feet in width and one hundred fifty-five feet in length. When he was half way or a bit further across he noticed a motor vehicle turning around a beacon light at a nearby street corner and apparently heading to go through the square he was crossing. He was then almost at the entrance of a safety zone laid out on the square in the form of a semicircle, marked with yellow paint and placed there for the use of the public on account of the long cross walk. The motor vehicle, as it got within fifteen feet of him, swerved quickly to the left, and although the plaintiff jumped to get out of its path the motor vehicle struck him and knocked him down. The lights of the motor vehicle were not out of his sight from the time he first saw it until he was struck by it. It was a misty, rainy night, "the visibility was pretty good," and the speed of the motor vehicle was from twenty to twenty-five miles an hour and was not increased or diminished. There was no other traffic in the street. The plaintiff heard no signal from the motor vehicle at any time. If the motor vehicle had remained on its right side of the street it would have passed ten or fifteen feet in the rear of the plaintiff. The defendant, who was driving the motor vehicle, was familiar with the locality and knew of the cross walk and of the safety zone.

The jury might have found these facts on the evidence most favorable to the plaintiff. Although there was considerable evidence of a contrary nature, that must be disregarded since the case comes before us on exception to a denial of a motion in writing for a directed verdict in favor of the defendant.

The principles of law governing the rights and duties of the plaintiff as a pedestrian, and of the defendant as the driver of a motor vehicle, upon a highway are thoroughly well settled and need not be repeated. We think that it rightly could not have been ruled as matter of law that the plaintiff was wanting in due care or that the burden of proof of contributory negligence resting on the defendant had been sustained.

The case on this point falls within the class of cases illustrated by *Kinsley* v. *Boston Elevated Railway*, 209 Mass. 467, *Emery* v. *Miller*, 231 Mass. 243, *Margeson* v. *Town Taxi Inc.* 266 Mass. 192, and *Wilcox* v. *Sides, ante*, 70, and cases there collected. The case is quite distinguishable from *Gibb* v. *Hardwick*, 241 Mass. 546, *Will* v. *Boston Elevated Railway*, 247 Mass. 250, *Loyle* v. *Boston Elevated Railway*, 260 Mass. 404, and similar cases on which the defendant relies.

There was also evidence warranting a finding of negligence of the defendant in the speed maintained and in the failure to avoid the pedestrian on the street in the circumstances which might have been found to exist. *Kaminski* v. *Fournier*, 235 Mass. 51. *Pawloski* v. *Hess*, 253 Mass. 478. *Hepburn* v. *Walters*, 263 Mass. 139. *Donovan* v. *Mutrie*, 265 Mass. 472.

*Exceptions overruled.*