# CHARLESTON,

Cora Harmon *v.* Midland Trail Transit Company

(No. 6328)

Submitted May 14, 1929.     Decided May 21, 1929.

*Brown, Jackson & Knight* and *Thomas B. Jackson,* for plaintiff in error.

*U. S. Albertson,* for defendant in error.

MAXWELL, JUDGE:

The Midland Trail Transit Company prosecutes this writ of error to a judgment of the circuit court of Kanawha County against it for $1,000.00 in favor of Cora Harmon for injuries received by her through the alleged negligence of the defendant.

April 19, 1926, Cora Harmon while walking beside a hard surface road on a path or sidewalk in the town of Cedar Grove was struck by an open door of a passenger bus owned by the Midland Trail Transit Company. The bus was proceeding eastward; the plaintiff was walking westward; both were on the south side of the road. Accompanying the plaintiff was a woman companion who testifies substantially the same as plaintiff. These two women were the only witnesses to the occurrence. The bus driver disclaimed any knowledge of the affair until he was told of it on a subsequent trip through Cedar Grove.

The bus had separate doors opening to the front along the right side for the five seats extending the width of the bus and which seats accommodated four passengers each. These doors were not controlled by the bus driver, but were opened and shut by the passengers as they chose. According to the plaintiff, she saw the bus coming, stepped off the hard surface, and just as the vehicle was opposite her, the third door from the front flew open, struck her on the right shoulder and breast and whirled her around so that she fell against her companion; that the bus then continued for some seventy feet where it stopped. She testified that when the bus stopped, two men alighted, emerging from the door immediately in front of the one which struck her; that they closed both doors and went away. The identity of these two men is undetermined.

The bus driver testifies that just before reaching the regular stop in Cedar Grove he got a signal from one of the

passengers to stop; that he heard a latch click, looked back and saw a passenger open a door; that he heard this passenger say, ''Oh, oh, I have opened this door too quick''; that this door was opened some twelve or fifteen feet before he stopped; that the passenger was at the third door from the front; that he stopped and this passenger alighted; and that the point at which this passenger got out is some seventy-five or eighty feet from the place where plaintiff testifies she was struck. The driver further testifies that his previous stop before coming into Cedar Grove was three hundred yards back, and that all the doors were tightly closed when he started up from there; that in his experience he never had a door to open unless some person opened it. The superintendent of transportation for defendant says that no bus door had ever come open to his knowledge without some person opening it, and that the locks provided for the doors were as good as they were able to find, and that the operator can see by means of a mirror whether the doors are latched.

At the conclusion of this testimony, upon motion of the plaintiff, the trial court directed a verdict for the plaintiff. The defendant assigns this as error. Was the alleged negligence a matter of law for the court, or was it a question of fact for the jury?

It does not appear to us on what theory it can be said that there was absolute liability on the defendant for the plaintiff's injury, thus making it proper for the court to take the case from the jury, save as to the quantum of damages. There is no evidence that the doors of the bus were equipped with improper or inadequate latches or fasteners; in fact the contrary appears as already noted; also, that none of the doors of the bus had ever been known to come open without human agency. Again, though the plaintiff and her companion both testified that just as the bus came along side of them on the highway ''the door flew open'', and struck plaintiff, there is the testimony of a defense witness that the day after the accident the plaintiff told him that a passenger opened a door of the bus and it struck her. The plaintiff denies that she made this statement. In the light of this testimony and of the testimony of the bus driver, there was clearly

an issue of fact as to how the door happened to be open at the time the plaintiff was injured. If the jury believed from the evidence that a passenger opened the door and that the defendant's servant was not guilty of any negligence, a verdict for the defendant should have followed. It is settled law that a carrier that has not been guilty of negligence is not liable to a passenger who has been injured through the carelessness or negligence of a fellow passenger. *Thompson* v. *Monongahela Ry. Co.*, 99 W. Va. 207; *Pruett* v. *Southern Ry. Co.*, (N. C.) 80 S. E. 65; *Tracy* v. *Boston El. R. Co.*, (Mass.) 105 N. E. 351; *Virginia Ry. & Power Co.* v. *McDemmick*, (Va.) 86 S. E. 744. "Thus the carrier is not liable where the injury is caused by acts of a fellow passenger, which its agents or employers had no reason to apprehend, and which they could not, by the exercise of proper care, prevent." 10 C. J., sec. 1332, and cases cited. A fortiori would there be no liability on the carrier, not itself negligent, for injury inflicted by a passenger upon a person not a passenger, as to whom the carrier is required to exercise ordinary care and caution while as to a passenger it is required to exercise the highest care.

We do not think it can properly be said that if the case had gone to the jury and a verdict had been returned for the defendant, such verdict could not be upheld under the law. If such cannot be said, then it was improper to direct a verdict for the plaintiff. *White* v. *Brewing Co.*, 51 W. Va. 259; *Kenneweg Co.* v. *Miley*, 59 W. Va. 360; *Brown* v. *Woody*, 98 W. Va. 512; *Sturdevant* v. *Ft. Worth, etc., R. Co.*, (Tex.) 27 S. W. 170. In the English case of *Toal* v. *North British Railway Co.*, 1908 A. C. 352, the House of Lords held that the alleged negligence of a common carrier in not closing a door on one of its cars and thereby injuring one standing on the platform was not a matter of law but was for jury determination.

The judgment is reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*