(No. 6191.   May 28, 1935.)

PERCY B. FRANKLIN, Respondent, v. OTIS WOOTERS, Appellant; ORA BALL, Respondent.

[45 Pac. (2d) 804.]

C. M. Jeffery, for Appellant.

Peterson, Anderson & Bowen and F. M. Bistline, for Respondent.

GIVENS, C. J.—Respondent trundling a two-wheel push-cart, assertedly in the rain, south on the west side of the paved portion of Pocatello Avenue, a through or stop street, bordered by no sidewalk but a cinder footpath customarily used by pedestrians, in Pocatello, between 11 and 12 o'clock P. M., December 30, 1933, was struck from the rear by a taxicab, breaking his left leg below the knee, necessitating the amputation thereof, and cutting and bruising him, for which injuries he recovered a verdict against both Otis Wooters and Ora Ball for $16,000.

Respondent alleged Otis Wooters and Ora Ball were owners of the taxicab in question driven by their agent. Wooters is sole appellant, contending that Miss Ball was sole owner and Wooters' only interest was that of mort-gagee.

The several assignments of error group themselves into the ensuing contentions: First, that respondent was guilty of contributory negligence, in that he was on the pavement and not on the cinder footpath adjacent thereto, that he had no light on his cart, that he wore dark clothing and did not step aside or do anything to protect himself against the collision.

The law of the road, I. C. A., secs. 48–501 to 48–567, does not expressly or impliedly prohibit pedestrians from traveling on through or stop streets and respondent was traveling on the proper side of the road, hence whether it was negligence for him to be clothed as he was or to so have proceeded was for the jury. (Anderson, An Automobile Accident Suit, sec. 697, n. 9; *Morlan v. Hutchinson-Hyatt,* 116 Kan. 86, 225 Pac. 739; *Peatfield v. Pacific Gas Radiator Co.,* 89 Cal. App. 625, 265 Pac. 324; *Lynch v. Pratt,* 222 App. Div. 179, 225 N. Y. Supp. 486; *Heckman v. Cohen,* 90 N. J. L. 322, 100 Atl. 695; *Quinn v. Miller,* 267 Mass. 84, 165 N. E. 872; *Strasburger v. Prescott,* 111 Cal. App. 104, 295 Pac. 357; *Harmon v. Midland Trail Tran-*

sit Co., 107 W. Va. 390, 148 S. E. 379; *Emery v. Miller,* 231 Mass. 243, 120 N. E. 655; *Blodget v. Preston,* 118 Cal. App. 297, 5 Pac. (2d) 25; *Hooker v. Schuler,* 45 Ida. 83, 260 Pac. 1027; *Faris v. Burroughs Adding Machine Co.,* 48 Ida. 310, 282 Pac. 72; *Wyland v. Twin Falls Canal Co.,* 48 Ida. 789, 285 Pac. 676; *Williamson v. Neitzel,* 45 Ida. 39, 260 Pac. 689; *Bryant v. Hill,* 45 Ida. 662, 264 Pac. 869; *Brixey v. Craig,* 49 Ida. 319, 288 Pac. 152; *Stanger v. Hunter,* 49 Ida. 723, 291 Pac. 1060; *Pipher v. Carpenter,* 51 Ida. 548, 7 Pac. (2d) 589.

The push-cart was not a "vehicle" within the definition of a "vehicle" in I. C. A., sec. 48–501a,[1] hence not required to have a lamp or light, rear or otherwise, thereon, by I. C. A., sec. 48–536 or sec. 48–545, or any other statute which has been called to our attention or which we have discovered, therefore any question of contributory negligence in this regard was likewise for the jury. Contributory negligence was charged to a bicyclist, traveling without a light on a dark, misty evening shortly after sunset, who was struck by an automobile. The court said:

"The claim of contributory negligence is based on the fact that the deceased had no light on his bicycle. No statute requires riders of bicycles to carry lights, and no ordinance of the city so requiring was introduced in evidence. . . . . The question of a rider's contributory negligence for want of a light is as plainly for the jury as is that of a driver of a wagon or tractor for want of a tail-light. *Wenninger v. Witt,* [205 Wis. 49], 236 N. W. 649, decided herewith." (*Prange v. Rognstad,* 205 Wis. 62, 236 N. W. 650.)

Respondent called one Flemming as a witness and claiming surprise at his assertedly changed statements, was permitted by the trial court over appellant's objections to

[1] "a. 'Vehicle.' Every device in, upon or by which any person or property is or may be transported or drawn upon a public highway *excepting devices moved by human power* or used exclusively upon stationary rails or tracks: provided, that for the purposes of this chapter, a bicycle or a ridden animal shall be deemed a vehicle."

show under I. C. A., sec. 16–1207, contrary statements. Such course is clearly authorized by the statute and respondent did not transcend the proper limits permitted thereby. (*Price Produce & Commission Co. v. Inter-Mountain Assn. of Credit Men*, 43 Ida. 540, 253 Pac. 854; *State v. Corcoran*, 7 Ida. 220, 61 Pac. 1034; *State v. Gee*, 48 Ida. 688, 284 Pac. 845.)

Respondent's Exhibits "F," "G," and "H," introduced to prove appellant Wooters was the owner of the colliding taxicab, were objected to because not sufficiently connected with appellant. "F 1–F 5" were repair orders on different taxicabs, identified by Atwood, parts man with the Blair-Fry Motor Co., making the repairs, stating in substance that the exhibits were in his handwriting and charged "to the Wooters Dime Taxi," and Iola Babcock testified she was bookkeeper for the Blair-Fry Co. and that said items "F 1–F 5" were paid to her by appellant Wooters and she gave him the receipt of which Exhibit "G" is a carbon copy, and that a statement of the items had been mailed appellant Wooters.

Exhibit "H" was a similar statement but with the Bistline Co. identified by Edith Crane the company's stenographer as a carbon copy of one mailed appellant Wooters. This evidence showing one series of statements sent appellant Wooters and paid by him for work on the taxicab, claimed by him to belong to Miss Ball and not to himself, and one statement sent him unrejected, had a probative value in tending to substantiate respondent's position that appellant Wooters owned the taxicab business and to negative his contrary contention, and the identification was sufficient to justify their admission, the weight under the surrounding circumstances being for the jury. (*Sneider v. Big Horn Milling Co.*, 28 Wyo. 40, 200 Pac. 1001; 55 C. J. 54; 50 C. J. 786.

Appellant offered Exhibits 3 and 4 purporting to be certificates or statements of title to the taxicab causing the accident, subject matter of the suit herein, and not admitted, and while error is assigned, there is no adverse

ruling in the record to form the basis for the assignment, the proceedings relative to these exhibits being as follows:

Mr. Jeffery: "Now, we offer the exhibits" (3 and 4).

Mr. Anderson: "We object to Exhibit Number Three, because it is a 1934 certificate of Title and not 1933. It is incompetent, irrelevant, and immaterial and not properly certified, and that it is indefinite and uncertain in that there are a number of blanks in the Exhibit that ought to filled out."

The Court: "What have you to say, This Exhibit seems to be dated subsequent to the accruing of this cause of action."

Mr. Jeffery: "I will try to clear that up."

Further questions were then asked about 3 and 4 and this followed:

Mr. Jeffery: "We again offer in evidence Exhibit Number Three and Four."

Mr. Anderson: "We object to Exhibit Number Three, on the ground that it is a title issued this year and Exhibit Number Four is not properly authenticated. It is not authorized to be issued and also an assignment from one Fred Meyers and an assignment of the Michigan Bill of sale without any authentication of his signature whatever."

The Court: "I would like to discuss this matter with counsel and at this time we will adjourn until nine thirty in the morning, and I will see counsel in chambers."

No ruling thereafter appears and hence there is nothing for us to pass on. (*Darry v. Cox,* 28 Ida. 519, at p. 522, 155 Pac. 660; *State v. Smailes,* 51 Ida. 321, 5 Pac. (2d) 540; *Giraney v. Oregon Short Line R. Co.,* 54 Ida. 535, 33 Pac. (2d) 359.)

Appellant contends that by calling Wooters and Miss Ball for cross-examination under I. C. A., sec. 16-1206, respondent made them his witnesses and could not contradict their testimony and that their evidence so given on such cross-examination and the other evidence on this point, not only was insufficient to make a *prima facie* showing of ownership of the taxicab by appellant Wooters but

showed so conclusively that he had no interest therein as owner, as to demand a nonsuit, instructed verdict and/or new trial.

Appellant argues that because the Cal. Stats., sec. 2055 C. C. P., contains this language, ''The party calling such adverse witness shall not be bound by his testimony,'' and our statute does not, no contradiction is permitted. Our section, 16–1206, however, contains this: '' . . . . and the testimony given by such witnesses may be rebutted by the party calling him for such examination by other evidence . . . . , '' and this court has previously construed the statute contrary to appellant's contention,

''Under the general rule, prior to the adoption of this act, a party calling such witness as therein referred to was bound by his testimony. This law modifies that rule and permits such testimony to be rebutted.'' (*Darry v. Cox, supra.*)

and such ruling has been reaffirmed in *Boeck v. Boeck,* 29 Ida. 639, at p. 643, 161 Pac. 576. See, also, An Automobile Accident Suit, Anderson, sec. 348.

The showing with regard to Wooters' ownership was briefly in the main as follows: The Bannock Loan Co. concededly owned by appellant Wooters and the taxicab company occupied the same offices; Miss Ball, whom appelland Wooters claimed owned the taxi company, worked for him on a relatively small salary; he contended he was interested only as mortgagee and that the receipts from the business were sufficient to pay off this indebtedness; that appellant Wooters once procured licenses for some of the cabs; he conferred with city officials as to regulations and ordinances affecting the taxi business, and was evasive as to the securing of an insurance policy on the cabs; that appellant Wooters employed an attorney to resist the passage of an inimical city ordinance; that appellant Wooters objected to the city attorney about a proposed ordinance; that after complaint to Miss Ball appellant Wooters saw the mayor about illegal parking by the taxi drivers; that appellant Wooters was required to vacate the office premises

by Elrod, the owner thereof, and only dealings were with appellant Wooters, and not Miss Ball, about this action; appellant Wooters spoke of the drivers as his employees, and stated to a councilman he received a percentage of the taxi fares. Appellant paid bills incurred in connection with the taxis; that certain painting on the taxis was not paid for until appellant Wooters was satisfied; that one driver was discharged by appellant Wooters; all these circumstances taken together presented sufficient proof to go to the jury as to the real ownership of the cab and business of which it was concededly a part. (*Seibert v. Chicago, M. & St. P. Ry. Co.*, 103 Neb. 719, 174 N. W. 294; *Wiedman v. St. Louis Taxicab Co.*, 182 Mo. App. 523, 165 S. W. 1105; *Webber v. Billings*, 184 Mich. 119, 150 N. W. 332; *Willi v. Schaefer Hitchcock Co.*, 53 Ida. 367, 25 Pac. (2d) 167; Berry, Law of Automobiles, sec. 4.482; 17–18 Huddy, Cyc. Automobiles, sec. 28, p. 57.) We may concede the rule contended for by appellant Wooters as stated in *Smeckpeper v. Chicago Rys. Co.*, 204 Ill. App. 485, that:

"In an action to recover damages for injuries sustained by being struck by an automobile alleged to be owned by the defendant, lack of such ownership was specially pleaded, failure to prove such ownership warranted a directed verdict for the defendant";

but the second part or qualification thereof equally applies that,

"On motion for a directed verdict against the plaintiff, the court looks to the evidence most favorable to the plaintiff's claim, and if there is any evidence tending to support plaintiff's claim the case is one for the jury and not for the court."

and that there was much contradictory and explanatory evidence on behalf of appellant, but this merely presented a conflict which the jury resolved against appellant, and the full text in 2 Blashfield, 1744, cited by appellant, sustains our analysis of the above showing.

Finally appellant Wooters complains that the court sustained the objection below to the question preceding it.

Q. "I will ask you, Mr. Pope, if on the night of December 30th, at the hour,—between eleven-thirty and midnight at a point on the highway designated as Highway Number Ninety-one, about opposite, the north end of the Oregon Short Line fence, the same being about a hundred and fifty feet north of the intersection of Railroad Avenue and Sixth Ave. if you came near colliding with a man pushing a hand cart along the paved portion of Pocatello Avenue?"

Mr. Anderson: "That is objected to as incompetent, irrelevant and immaterial and on further ground that there is no identification of this plaintiff. Upon the further ground that it would be necessary to try out the collateral issue of whether or not the witness was negligent in almost colliding with a person,—the question suggests that he nearly collided,—"

The Court: "The objection will be sustained."

The objection as to a collateral issue was well taken. (*Denbeigh v. Oregon-Washington R. R. & Nav. Co.,* 23 Ida. 663, 132 Pac. 112; 22 C. J. 746, n. 49, 753, n. 88.)

No assignments question the sufficiency of the evidence to sustain the verdict, except as to ownership of the cab and contributory negligence, or the verdict as being excessive.

Judgment is affirmed. Costs to respondent.

Budge, Morgan, Holden and Ailshie, JJ., concur.