222 P.2d 1073

AUSICH v. FRANK.

No. 7652.

Supreme Court of Idaho.

Oct. 3, 1950.

Richards, Haga & Eberle, and Dale Morgan, all of Boise, for appellant.

A. T. Fredricks, Boise, for respondent.

KOELSCH, District Judge.

On the evening of February 23, 1948, the plaintiff, Ann Ausich, a woman then thirty years of age, in the company of, and in an automobile driven by, Marjorie Malkweitz, came from Mackay, Idaho, to Arco, Idaho, to attend a basket ball tournament being played in the last named village. The two women left the tournament after the first game had been played and walked

to the Sawtooth Club, a place where liquors are sold. They were followed by the defendant, Phares Frank, and Dean Solberg, who had come from Mackay in Frank's automobile to attend the basket ball tournament, and who had sat close behind the two women during the game. At the bar of the Sawtooth Club, each member of this party was served with high-ball drinks, being mixed whiskey and carbonated water. There is some dispute in the evidence as to the number of drinks imbibed by each of them.

They remained at the Sawtooth Club for about an hour, when Dean Solberg and Mrs. Malkweitz left in the latter's automobile on the return trip to Mackay. There is some conflict in the evidence whether Miss Ausich, in not returning to Mackay with her friend Mrs. Malkweitz did so at the solicitation of appellant Frank, on his promise to take her home, or whether she asked him for the ride back to Mackay. At any rate, she and appellant left on the return trip shortly after the other two had gone. When they arrived at Darlington, a village about half way between Arco and Mackay, appellant left the paved highway and turned his car onto a county road, referred to as McAfee Lane, running directly east from Darlington. He testified that he did so at the request of Miss Ausich "to stop and more or less detain our travel to find out what was holding up the other party behind us."

McAfee Lane is a narrow country road, uneven and rough in places, and paralleled at one place on its northern side by a borrow pit about 22 inches deep. In looking for a convenient place to turn back to the highway, Frank drove about three-quarters of a mile along this Lane. He testified that his rate of travel on this Lane was from 25 to 30 miles per hour, and that when about to turn, he was confronted by a cow; that to avoid striking the cow, he first swerved his automobile a few inches to the right, and, having passed the animal, turned sharply to his left; that in so doing he ran into the borrow pit on the north side of the road and to its opposite side where the bumper of his car struck the north wall or bank of this pit, causing the damage to the car and the injuries to Miss Ausich, who was rendered unconscious and thrown out of the car by the impact.

As her cause of action the plaintiff alleges in her complaint that "the defendant, while under the influence of intoxicating liquor did, with reckless disregard of the rights of others, including this plaintiff, and while said automobile was traveling at a high and dangerous rate of speed, suddenly swerved his aforesaid automobile to the right, driving it completely off the aforesaid county road and into a borrow pit on the left-hand or northerly side thereof."

The case was tried before a jury on November 28, 29 and 30, 1949, at Arco, Butte County, and resulted in a verdict for the plaintiff, respondent here, for $17,100.

498.

From an order denying the defendant's motion for judgment notwithstanding the verdict; from the order denying defendant's motion for a new trial, and from the judgment entered pursuant to the verdict, the defendant, Phares Frank, prosecutes this appeal.

Appellant assigns as one of his specifications of error, the submission by the trial judge to the jury of the question whether Miss Ausich was or was not a guest in the automobile of appellant on the return trip from Arco.

Appellant takes no exception to the correctness of Instruction No. 12 given by the Court, but contends that because there was no dispute in the evidence on the subject, the question whether respondent was a guest was one of law to be decided by the Court.

■ With this contention we agree. It is true that, as hereinbefore stated, the appellant testified that Miss Ausich asked him to take her to Mackay, and that respondent testified appellant insisted that they remain and let the other two go ahead. This conflict is of no moment, for whether we take his testimony that she asked him to remain and let the others go ahead, or her testimony that he insisted she remain while the other two left, there is no evidence whatever that she paid for her transportation, or rendered any consideration therefor, and the circumstances and the occasion make the conclusion inescapable that their relationship was a social one, and that respondent's ride with appellant was for her pleasure and their mutual entertainment. Parrett v. Carothers, 11 Cal.App. 2d 222, 53 P.2d 1023; Dorn v. Village of North Olmsted, 133 Ohio St. 375, 14 N.E.2d 11. In fact, it appears from respondent's complaint that she impliedly recognized the relationship between her and respondent Frank from the beginning of their return trip from Arco was that of guest and host. Her cause of action is not based upon ordinary negligence, but alleges facts made necessary by the statute, Sec. 49-1001, I.C., to entitle a guest to maintain an action for damages against a host. It is not likely that she would have assumed this additional burden had she not believed she was a gratuitous guest in appellant's automobile at the time of the accident.

The Court, therefore, erred in submitting to the jury the right to determine the possible status of the respondent as a passenger. Melcher v. Adams, 174 Or. 75, 146 P. 2d 354.

■ That it was prejudicial error to give this instruction becomes quite obvious upon a consideration of all the instructions given. Nowhere was the jury told, that in order to determine whether the respondent was a passenger or a mere guest in appellant's automobile, at least nine of their number must agree upon that finding; and if nine of them agreed she was a guest, then they could not render a verdict for the respondent, unless at least nine of their number further agreed appellant was in-

toxicated at the time, or that he drove his automobile in reckless disregard of the rights of the respondent. The jury's verdict is general, and there is nothing to negative the possibility that though less than nine may have concluded the respondent was a guest, the remaining jurors holding the opinion she was a passenger, may have joined in the verdict on the ground the evidence showed appellant guilty of ordinary negligence. State v. Monteith, 53 Idaho 30, 20 P.2d 1023.

During the progress of the trial of this action, respondent called appellant to the witness stand for cross-examination under Section 9-1206, I.C., and though objections were made to the scope of the cross-examination, such objections were overruled and the examination proceeded ad libitum. Consonant with this ruling, the trial Court gave the following instruction to the jury:

"Instruction No. 31

"You are instructed that under the law plaintiff was at liberty to call the defendant, Phares Frank, to the stand for the purpose of proving a single material fact or any number of material facts or even plaintiff's whole case, and you are further instructed that plaintiff was in no wise bound by any unfavorable responses made by defendant, Frank, in the course of that interrogation, and you may disregard any testimony made by Mr Frank at that time that was unfavorable to plaintiff's cause of action."

■ Appellant assigns the giving of this Instruction as error. Clearly it is an erroneous interpretation of the statute. In the first place, the Instruction states the right of cross-examination under the statute without limitation or restriction. In the case of Darry v. Cox, 28 Idaho 519, at page 523, 155 P. 660, 661, this Court held: "The act permits the examination of the classes of persons mentioned in the title by the adverse party as if under cross-examination. It does not authorize, nor was it the intention of the Legislature to attempt to authorize, the impossible—the cross-examination of a witness who has not been subjected to direct examination. It (the act) permits a party to a civil action or proceeding to call as a witness the adverse party, or other person included in one of the classes above mentioned, and to prove by him a fact or facts in issue which could not probably be otherwise established, and to allow such witness to be examined according to the liberal rules of cross-examination whereby leading questions may be propounded."

And in the case of Evans v. Bannock County, 59 Idaho 442, at page 446, 83 P.2d 427, 428, this Court, after quoting the foregoing rule from Darry v. Cox, said: "This statute has frequently been under discus-

sion by this court and the foregoing rule has been uniformly followed, as may be seen from the following cases: Boeck v. Boeck, 29 Idaho 639, 161 P. 576; Portland Cattle Loan Co. v. Gemmell, 41 Idaho 756, 757, 242 P. 798; Morton v. Morton Realty Co., 41 Idaho 729, 241 P. 1014; In re Estate of Brown, 52 Idaho 286, 298, 15 P.2d 604; Franklin v. Wooters, 55 Idaho 619, 625, 45 P.2d 804."

However, an examination of the testimony elicited on cross-examination of appellant discloses no particular detriment to appellant's defense, so that the failure of not restricting the scope of the cross-examination, though error, cannot be classed as prejudicial error.

The further provisions of Instruction No. 31 cannot, however, be thus condoned. It instructed the jury that "plaintiff was in no wise bound by any unfavorable responses made by defendant, Frank, in the course of that interrogation, and you may disregard any testimony made by Mr. Frank at that time that was unfavorable to plaintiff's cause of action." The statute, Section 9-1206, I.C., merely provides that "the testimony given by such witnesses may be rebutted by the party calling him for such examination by other evidence."

■ Obviously, this provision of the statute is intended to make non-applicable the general rule that a party who places a witness upon the stand, vouches for the integrity of his testimony, and may not thereafter contradict or impeach him, except in special instances; as for example, when such witness gives affirmative testimony against the party who called him, and contrary to what such party was led, by the witness, to believe his testimony would be.

It would nullify the central purpose of the statute to handicap a party, compelled to call his adversary to the witness stand in order to prove a fact which he could probably not establish any other way, if the party calling the adversary to the stand was thereby prohibited from rebutting by other evidence any unfavorable testimony so given by the witness. However, to rebut the testimony of a witness is a far different proceeding from disregarding it. "While we appreciate that one calling an adverse witness is not bound by his testimony, still the jury have a right to consider such testimony the same as that of any other witness, and certainly the court, under the statute, would have no right to give an instruction, the effect of which might be to affect the credibility of such witness, in the minds of the jury." Crown v. Miller, 199 Wash. 354, 91 P.2d 713, at page 716.

To the same effect are: Balasco v. Chick, 84 Cal.App.2d 802, 192 P.2d 76; Cloud v. Market St. Ry. Co., 74 Cal.App.2d 92, 168 P.2d 191; Figari v. Olcese, 184 Cal. 775, 195 P. 425, at page 428, 15 A.L.R. 192.

We hold, therefore, the giving of Instruction No. 31 was prejudicial error.

Appellant further assigns as error the Court's refusal to grant his motion for judgment notwithstanding the verdict, and the denial of his motion for a new trial, both motions based upon the contention that the evidence is insufficient to justify the verdict.

A careful examination of the transcript discloses, however, that there is sharp conflict as to many of the major questions involved. Under such condition of the evidence, it was not improper for the Court to refuse the motion for judgment notwithstanding the verdict, as well as the motion for new trial. Stearns v. Graves et al., 62 Idaho 312, 111 P.2d 882. And because we have concluded there should be a new trial of the cause, we deem it improper to comment further on the evidence. Such a retrial with the errors committed in the former trial avoided, will more clearly present the controlling issues in the case and afford the opportunity for a fairer trial.

The judgment is reversed and cause remanded with instructions to the trial Court to grant a new trial. Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.